# In the
# United States Court of Appeals
## For the Seventh Circuit
_____

No. 04-3215

JOSEPH BARNES,

*Plaintiff-Appellant,*

v.

KENNETH R. BRILEY, Warden,
MICHAEL KROLIKIEWICZ,
GEORGIA SCHONAUR, et al.,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 00 C 6280—**James B. Zagel**, *Judge.*

_____

ARGUED JUNE 1, 2005—DECIDED AUGUST 23, 2005

_____

Before BAUER, RIPPLE and KANNE, *Circuit Judges.*

RIPPLE, *Circuit Judge.* Joseph Barnes, an Illinois state
prisoner, filed this action under 42 U.S.C. § 1983 against
several present and former employees of the Stateville
Correctional Facility ("Stateville"). On the defendants'
motions, the district court dismissed Mr. Barnes' action
for failure to exhaust his administrative remedies, as
required by the Prison Litigation Reform Act ("PLRA"), 42
U.S.C. § 1997e(a). Mr. Barnes has appealed. For the reasons
set forth in the following opinion, we now reverse the
judgment of the district court and remand for further

proceedings consistent with this opinion.

# I

## BACKGROUND

### A.

Mr. Barnes has been incarcerated at Stateville since 1997. During 1999, Centers for Disease Control ("CDC") was conducting a study, under contract with Stateville, to determine the amount and severity of communicable diseases among the inmate population. In August 1999, Mr. Barnes became concerned that he had been exposed to hepatitis and asked to be tested; his request was not answered. In October 2000, he filed a pro se complaint against the CDC under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. Mr. Barnes alleged that he had been exposed to hepatitis as a result of poor sanitation in prison and being housed with infected inmates. He also alleged that CDC knew that inmates infected with HIV and hepatitis were entering Illinois prisons and that a significant risk existed that those pathogens could be transmitted between prisoners. He further alleged that CDC had failed to identify and to isolate infected prisoners and had provided no treatment for infected inmates.

In February 2001, the district court determined that Mr. Barnes had exhausted his administrative remedies in relation to the FTCA, *see* 28 U.S.C. § 2675(a), and allowed the action to proceed. The district court also appointed counsel for Mr. Barnes in March 2001.

After investigating Mr. Barnes' case, counsel determined that the circumstances underlying his FTCA claims gave rise to a different set of claims against certain Stateville administrative and medical personnel. In anticipation of pursuing

those claims in court, Mr. Barnes initiated the prison grievance process. In May 2001, he filed a grievance regarding the denial of his request for a hepatitis test and for treatment if necessary. Months later, after having received no response, Mr. Barnes forwarded his grievance to Grievance Officer Georgia Schonaur. She recommended to Stateville's warden, Kenneth Briley, that the grievance be denied as untimely; her report was reviewed and signed by Grievance Officer Carmen Ruffin. Warden Briley concurred with the recommendation and advised Mr. Barnes of the denial of his grievance. Mr. Barnes appealed the decision to the director of the Illinois Department of Corrections ("IDOC") and the administrative review board. In December 2001, Mr. Barnes' appeal was denied.

In October 2002, Mr. Barnes wrote to Nurse Jenny Laigh and Dr. Kevin Smith and requested a hepatitis test and proper treatment if the test results were positive. When he received no response, he filed a grievance on November 6, 2002, which reiterated his requests. In January 2003, he forwarded that grievance to Grievance Officer Ruffin; at Officer Ruffin's recommendation, Warden Briley denied the grievance. Mr. Barnes appealed. On March 20, the administrative review board referred his grievance back to Stateville "for a review of [his] concerns."[1] R.19 ¶ 22.

In the meantime Mr. Barnes received a hepatitis test on March 17, 2003. In May, Stateville informed him that he had tested positive. He has not yet received medical treatment.

**B.**

---

[1] The director of Stateville issued a final decision on December 5, 2003, denying Mr. Barnes' grievance. *See infra* note 2.

In August 2003, Mr. Barnes filed a motion for leave to dismiss all claims against the CDC and to file an amended complaint to substitute a claim for violations of 42 U.S.C. § 1983 against the present Stateville defendants. The district court granted the motion. The new complaint alleged that the defendants had displayed deliberate indifference to his medical needs, in violation of the Eighth Amendment to the Constitution of the United States, by ignoring his grievances, by refusing to test him for hepatitis and by failing to provide him treatment after he tested positive for the virus.

The defendants moved to dismiss the suit on the basis that Mr. Barnes had failed to exhaust the prison grievance process related to the incidents underlying his § 1983 claims before filing his original complaint. The district court granted the motion, stating:

> It is well established that "a suit filed by a prisoner before administrative remedies have been exhausted must be dismissed." *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Moreover, "the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intraprison remedies before judgment. *Id.* Since Plaintiff did not submit any grievances prior to filing his original complaint on October 10, 2000, I find that his case must be dismissed. Plaintiff's filing of grievances during the pendency of this lawsuit could not (and did not) satisfy that PLRA's exhaustion requirements. This may generate an overly technical result, but it is what the law requires.

R.69 at 3-4. Mr. Barnes appeals that decision.

## II

## DISCUSSION

**A. Jurisdiction**

As an initial matter, the defendants question whether the district court's dismissal of Mr. Barnes' amended complaint constitutes a final and appealable judgment. *See* 28 U.S.C. § 1291. "Dismissal for failure to exhaust is without prejudice and so does not bar the reinstatement of the suit unless it is too late to exhaust." *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002); *see also Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice" (emphasis in original)). The district court's order did not indicate whether the dismissal was with or without prejudice, but we shall assume for present purposes that it was without prejudice.

A dismissal without prejudice normally "does not qualify as an appealable final judgment because the plaintiff is free to re-file the case." *Larkin v. Galloway*, 266 F.3d 718, 721 (7th Cir. 2001). Certain circumstances allow us, however, to consider such a dismissal as final. For instance, if the plaintiff "cannot cure the defects" in his complaint, the dismissal in effect was with prejudice and is final for purposes of appellate review. *Strong v. David*, 297 F.3d 646, 648 (7th Cir. 2002); *see also Larkin*, 266 F.3d at 721 (stating that, if the "plaintiff will not be able to amend her complaint, the dismissal is final" and appealable).

In this case, Mr. Barnes "*has* no more remedies to exhaust, so the defect that the district judge identified is irreparable—if it is a defect at all." *Strong*, 297 F.3d at 648 (emphasis in original). Neither the record nor the defendants suggest any amendment that Mr. Barnes could make to his complaint that would remedy the district court's concern that he failed to exhaust his administrative remedies before he filed his original complaint. We therefore are confident of our jurisdiction under 28 U.S.C. § 1291 to review the district

court's dismissal of Mr. Barnes' action.

## B. Standard of Review

We review a district court's grant or denial of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) de novo. *Williams v. Seniff*, 342 F.3d 774, 781 (7th Cir. 2003). We construe the complaint "in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from those allegations in his or her favor." *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003). We shall affirm the dismissal only if it " 'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Id*. (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## C. Exhaustion

On appeal, Mr. Barnes maintains that he complied with § 1997e(a) by exhausting his administrative remedies for his § 1983 claims before amending his complaint to add those claims. The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The statute makes exhaustion a "precondition to suit" and requires dismissal if the prisoner failed to satisfy that condition. *Perez*, 182 F.3d at 535. A district court has no "discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Id*. The exhaustion requirement affords prison officials the opportunity to avoid litigation by

addressing a prisoner's complaint in the first instance, and "even partial success in the administrative process may reduce the dispute to one that can be resolved amicably, or in which damages will be small." *Id.*

Mr. Barnes submits that the PLRA did not require him to have exhausted his administrative remedies for his 42 U.S.C. § 1983 claims prior to filing his FTCA claim in the original complaint. The defendants maintain that Mr. Barnes cannot satisfy § 1997e(a) by exhausting the prison grievance process after filing suit, no matter how different the claims in his amended complaint were from those in his original complaint.

In a related contention, Mr. Barnes maintains that he had no administrative remedy "available," 42 U.S.C. § 1997e(a), related to his § 1983 claims when he filed a claim under the FTCA in two respects. First, the IDOC, a state agency, had no authority to take remedial action against the CDC, a federal agency, which originally was the only defendant. Second, the § 1983 cause of action did not yet exist at the time. The defendants, in contrast, submit that Mr. Barnes did have an available remedy because, if he had made prison officials aware of the alleged exposure to hepatitis and the denial of proper treatment, they could have responded to his medical concerns.

We believe that Mr. Barnes has complied with the purpose and letter of the PLRA. He filed his original complaint alleging properly exhausted claims against the CDC under the FTCA. After an investigation by his newly appointed counsel revealed that the circumstances underlying his original complaint supported different claims against different defendants, Mr. Barnes initiated the prison grievance process, as required by the PLRA. Once he had

exhausted those administrative remedies,[2] Mr. Barnes dismissed his FTCA claims and, with the district court's leave, substituted his § 1983 claims against the Stateville defendants. It is evident, therefore, that Mr. Barnes did not attempt to replead improperly exhausted claims in his amended complaint. Rather, he asserted properly exhausted FTCA claims in his original complaint, and later he raised new, properly exhausted § 1983 claims against new defendants.

Furthermore, Mr. Barnes complied with the purpose of the PLRA. Mr. Barnes made repeated requests for a hepatitis test and any necessary treatment through the prison grievance process before initiating his claims against the Stateville defendants. He therefore afforded those defendants the opportunity to address his grievances before he filed suit against them.

The rationale of the district court demanded that Mr. Barnes shoulder an impossible task—to exhaust remedies not yet pertinent to the allegations of the filed complaint.

---

[2] The defendants submit that Mr. Barnes failed to exhaust the prison grievance system related to his present § 1983 claims before amending his complaint because he had not yet received a final denial of his grievance. *See Ford v. Johnson*, 362 F.3d 395, 398-99 (7th Cir. 2004) (holding that prisoner could not bring suit under § 1983 until after the prison administrative review board had issued its decision). Specifically, after Mr. Barnes filed his amended complaint, the director of Stateville issued a final decision on December 5, 2003, denying his grievance. The defendants concede, however, that they did not inform the district court of this final decision or specifically argue a lack of final disposition of Mr. Barnes' grievance. Because the defendants raise this argument for the first time on appeal, we deem it to be waived. *See Perry v. Sullivan*, 207 F.3d 379, 383 (7th Cir. 2000).

When Mr. Barnes initially sued the CDC, he alleged no cause of action against the state defendants and therefore had no reason to exhaust administrative remedies with respect to them. The filing of the amended complaint was the functional equivalent of filing a new complaint, *see* 8 James Wm. Moore, Moore's Federal Practice § 41.21[2] (3d ed. 2005) ("In many instances the procedure for, and effect of, an amendment will be the same as a voluntary dismissal because of the similarities between the governing rules."), and it was only at that time that it became necessary to have exhausted the administrative remedies against the state defendants.

### D.  Defendant Joseph Smith

Dr. Joseph Smith separately contends that Mr. Barnes' claims against him should be dismissed as procedurally defaulted. In May 2001, Mr. Barnes filed his initial prison grievance relating to his § 1983 claims; it named Stateville's medical director, Dr. Joseph Smith, among other prison personnel. The grievance was denied as untimely. Mr. Barnes then filed a new grievance on November 6, 2002, which reiterated that his requests for testing and treatment were being ignored. This later grievance did not name Dr. Joseph Smith, who since had left the employ of Stateville; it identified Jenny Laigh and Dr. Kevin Smith, the new medical director.

On appeal, Dr. Joseph Smith contends that Mr. Barnes procedurally defaulted on the only grievance that named him. We do not believe that Mr. Barnes is precluded from pursuing his § 1983 claim against Dr. Smith. By filing his November grievance, Mr. Barnes restarted the grievance process. Contrary to Dr. Smith's suggestion, moreover, Mr. Barnes did not abandon this claim by not naming Dr. Smith

specifically in the latter grievance. At the time Mr. Barnes filed that grievance, the Illinois Administrative Code did not require prisoners to name the individual against whom they filed grievances or to assert specific claims against any person. *See* Ill. Admin. Code tit. 20 § 504.810(b) (year). Furthermore, the November grievance broadly stated that it was "being submitted in regards to a request for [sic] for medical test and treatment. I have requested several times to be tested for Tuberculosis, H.I.V., Hepatitis, etc. for the past few years." R.53, Ex.C at 1. When we draw all reasonable inferences in favor of the plaintiff, this language does not indicate, as Dr. Smith submits, that his name was "intentionally omitted from" that grievance. Appellee Br. of Dr. Smith at 13. Rather, the language encompasses the alleged past failure of Dr. Smith to respond to Mr. Barnes' request for a hepatitis test and treatment. Therefore, Mr. Barnes may pursue his § 1983 claims against Dr. Smith in federal court.

### E. Failure to State a Claim

As a final matter, defendants Michael Krolikiewicz, Officer Schonaur and Officer Ruffin submit that Mr. Barnes' allegation that they had displayed deliberate indifference to his medical needs should be dismissed on its merits because they played no role in his medical care. This submission is premature because the district court did not reach the merits of Mr. Barnes' suit. Such a merits inquiry should be addressed by the trial court in the first instance.

### Conclusion

For the foregoing reasons, we reverse the judgment of the district court and remand the case for proceedings

consistent with this opinion.

REVERSED and REMANDED

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*