NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 28, 2007[*]
Decided July 5, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 05-4476

| | |
|---|---|
| MICHAEL C. ANTONELLI<br>    *Plaintiff-Appellant,*<br><br>        *v.*<br><br>TINA M. SHERROW, et al.,<br>    *Defendants-Appellees.* | Appeal from the United States District<br>Court for the Northern District of<br>Illinois, Eastern Division.<br><br>No. 02 C 8714<br><br>John A. Nordberg,<br>*Judge.* |

**O R D E R**

Michael Antonelli brought suit under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 430 U.S. 388 (1971), alleging that two ATF agents violated his rights under the Fourth Amendment when they seized a computer that he had given to his ex-wife to use while he was serving a prison sentence. He also brought claims under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, based on the same incident and sued the Assistant United States Attorney who defended

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

the case for violating his right to due process during the proceedings below.  The district court granted summary judgment to the defendants on the Fourth Amendment claims and dismissed the other claims under Federal Rule of Civil Procedure 12(b)(6).  We affirm.

In late 2001 Antonelli was preparing to begin a sentence in federal prison.  Before reporting to prison, he gave his ex-wife, Nancy Antonelli a computer that he owned so that she and her children could use it while he was incarcerated, which they did.   After Antonelli had begun serving his sentence, ATF agents Tina Sherrow and Jeanne Sobol interviewed Mrs. Antonelli at her home about her ex-husband and his possible involvement in a bombing in the Chicago area.  During the interview, Mrs. Antonelli revealed that her ex-husband had left her the computer to use while he was in prison.  The agents asked Mrs. Antonelli if she would turn it over to them.  Mrs. Antonelli was initially reluctant, explaining that she did not want to retrieve the computer from her attic where she had stored it, that she had searched the computer and found no files, and that the computer "wasn't hers to give."  After the agents responded that they could get a search warrant for the computer, Mrs. Antonelli changed her mind but asked the agents to come back later so that she could retrieve it from the attic.  The agents agreed, and Agent Sherrow returned a day or so later to pick up the computer.

Antonelli was incarcerated for this entire time, but he learned from his ex-wife that she had given the computer to the ATF.  He then wrote to several people at the ATF, including Agent Sherrow, telling them that Mrs. Antonelli had "no access to the hard-drive" of the computer and that she did not have his permission to allow anyone to inspect the hard drive.  He demanded that they return the computer to Mrs. Antonelli.  Six months after he wrote his last letter, and 11 months after the ATF first obtained it, Agent Sherrow returned the computer to the ex-wife in undamaged condition.

Antonelli sued Agents Sherrow and Sobol for violating his rights under the Fourth Amendment when they took his computer without a warrant.  He also sued the United States under the FTCA, arguing that the agents' actions amounted to trespass to chattels, conversion, and abuse of process.  During the proceedings in the district court, Patrick Johnson, the AUSA defending the case, contacted Mrs. Antonelli and discussed preparing an affidavit for her to sign.  According to Antonelli, he tried to get her to swear to facts that were untrue.  Mrs. Antonelli ultimately signed an affidavit prepared by her ex-husband stating that she told the agents that Antonelli had given her the computer to use but she did not want to give it to them or feel that it was right for her to do so and that the agents changed her mind by mentioning a search warrant.  She faxed this affidavit to AUSA Johnson with a note asking him to stop intimidating her.   This incident led Antonelli to amend his complaint to add AUSA Johnson as a defendant with a claim

that Johnson violated his right to due process by attempting to get Mrs. Antonelli to commit perjury.

The district court granted the defendants' motion for summary judgment on the Fourth Amendment claims, concluding that Mrs. Antonelli had mutual use of and control over the computer and as such had authority to consent to the ATF's search and seizure of it. The court then dismissed Antonelli's FTCA claims, primarily because it decided that Mrs. Antonelli's consent meant that the agents' taking of the computer was authorized. Finally the court dismissed the claim against AUSA Johnson, determining that he had absolute immunity and in any case could not be held liable for merely attempting to violate Antonelli's rights.

We review the grant of summary judgment *de novo* and will uphold the decision if, viewing all facts in the light most favorable to the non-moving party, there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Washington v. Haupert*, 481 F.3d 543, 546–47 (7th Cir. 2007). Antonelli's principal argument on appeal is that the district court erred in finding that Mrs. Antonelli had authority to consent to the ATF's taking of the computer.

A consensual search and seizure of property without a warrant does not violate the Fourth Amendment. *United States v. Matlock*, 415 U.S. 164, 171 (1974); *United States v. Groves*, 470 F.3d 311, 318 (7th Cir. 2006). Consent need not be given by the target of the search, or even the owner of property, but may be given by anyone who has joint access to and control of the property for most purposes. *Matlock*, 415 U.S. at 171 & n.7; *Groves*, 470 F.3d at 318–19; *see United States v. Brown*, 328 F.3d 352, 356 (7th Cir. 2003) (leaseholder of apartment could not consent to its search because he did not actually live in or use apartment). Antonelli does not contest that Mrs. Antonelli had joint access to and control of the computer generally. Indeed, Antonelli himself had no access to the computer and little control over it as he was incarcerated. Instead Antonelli principally argues that his ex-wife had no authority to consent to a search because she had no access to the hard drive. We assume that Antonelli really means that his ex-wife had no access to files that he saved on the hard drive as she would have had access to the hard drive itself to use the computer at all.

Several other circuits have addressed the issue of a third party's authority to consent to a search of a shared computer when the third party does not have access to all areas of the computer. In general, these courts have decided that when one user has protected files with a password that the other user does not know, the second user cannot consent to a search of the password-protected files. *United States v. Buckner*, 473 F.3d 551, 554 (4th Cir.), *cert. denied*, 127 S. Ct. 2119 (2007) (No. 06-10245); *Trulock v. Freeh*, 275 F.3d 391, 403 (4th Cir. 2001). On the other hand, when the joint users share access to the computer's files, either one can consent to a search of the whole computer. *See United States v. Morgan*, 435 F.3d

660, 663–64 (6th Cir. 2006); *United States v. Andrus*, 483 F.3d 711, 719–22 (10th Cir. 2007).

Antonelli, who has the burden of showing that his ex-wife's consent was invalid, *see Valance v. Wisel*, 110 F.3d 1269, 1279 (7th Cir. 1997), has presented no evidence that there were password-protected files on the computer or that he even told Mrs. Antonelli that certain files were private. Instead, he suggests that Mrs. Antonelli's failure to detect unspecified files when she searched the computer is evidence of their inaccessibility. But without even an assertion that Antonelli password-protected files, her failure shows only the incompleteness of her search, not the inaccessibility of files. Because Antonelli gave his ex-wife use of the computer without password-protecting files or even informing her that any files were off-limits, he could not reasonably expect that she would recognize them as private. *See United States v. Shelton*, 337 F.3d 529, 536–37 (5th Cir. 2003) (defendant gave up his reasonable expectation of privacy in his house with respect to his estranged wife when defendant did not change locks or do anything to restrict her access to house). And Antonelli's written objections to the ATF after the computer's seizure cannot overcome qualified immunity to constitutional liability because the then clearly established law was that a timely objection by a non-consenting joint user who is actually present does not override the other user's consent. *See Georgia v. Randolph*, 126 S. Ct. 1515, 1520 n.1 (2006).

Antonelli also argues that his ex-wife's consent was not voluntary because the agents suggested that they would get a search warrant when Mrs. Antonelli initially expressed reluctance about turning the computer over. However a threat to obtain a search warrant does not render consent involuntary unless the threat is baseless or not genuine. *United States v. Scheets*, 188 F.3d 829, 840 (7th Cir. 1999). Antonelli concedes the agents were investigating his possible involvement in a crime, and there is no evidence that the agents were insincere when they promised to get a warrant. In addition, it is undisputed that the agents did not physically threaten her, did not have her in custody, and allowed her a day to reconsider her consent, all factors indicating valid consent. *See United States v. Renken*, 474 F.3d 984, 987 (7th Cir. 2007) (absence of physical coercion, extreme pressure and custodial detention are factors in assessing voluntariness), *petition for cert. filed*, (U.S. May 22, 2007) (No. 06-11673).

Antonelli complains in his appellate brief that he was unable to defend against the summary judgment motion because the district court did not grant his motion to compel discovery. But he did not explain in his motion how the information he sought would help him show a genuine issue of material fact nor did he file an affidavit explaining why he needed additional discovery. *See* Fed. R. Civ. P. 56(f); *Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2004); *Woods v. City of Chicago*, 234 F.3d 979, 990 (7th Cir. 2000). Therefore the district court did not err in granting summary judgment before granting the motion to compel.

This brings us to Antonelli's FTCA claims. The defendants maintain that Antonelli failed to exhaust these claims because he did not file an administrative claim with the ATF until April 2003—well after he filed his lawsuit in December 2002. The FTCA requires that a plaintiff present his claim to the appropriate federal agency and receive a written denial before beginning his lawsuit. 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 111–12 (1993); *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003). The district court assumed that Antonelli had exhausted, relying on *Barnes v. Briley*, 420 F.3d 673 (7th Cir. 2005), but *Barnes* involved new FTCA claims that were raised for the first time in the amended complaint. *Id.* at 678. Antonelli's FTCA claims were raised in his original complaint—before he filed his administrative claim. The amended complaint merely added the claim against AUSA Johnson. Antonelli's original complaint does assert that he exhausted his FTCA claims when he sent the letters to ATF officials demanding that they return the computer to his ex-wife. But these letters do not qualify as claims under the FTCA because they do not request money damages. *See* 28 C.F.R. § 14.2(a). Accordingly, Antonelli has not exhausted his remedies, and the district court should have dismissed the FTCA claims for this reason. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999).

As for Antonelli's due process claim against AUSA Johnson, he does not challenge either basis the district court offered—immunity and failure to state a claim—for dismissing this claim. He has thus waived any argument about the dismissal of these claims. *See Andy's Rest. & Lounge, Inc. v. City of Gary*, 466 F.3d 550, 553 n.1 (7th Cir. 2006). Furthermore Antonelli concedes in his appellate brief that Mrs. Antonelli did not actually commit perjury. Because he was not harmed by Johnson's actions, his due process claim against Johnson necessarily fails. *See Buckley v. Fitzsimmons*, 20 F.3d 789, 794–95 (7th Cir. 1994).

For the above reasons, we AFFIRM.