CLD-270                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1447
_____

MARK GREEN,
                                          Appellant

v.

DEPARTMENT OF CORRECTIONS;
JEFFREY BEARD, Secretary of the Department of Corrections;
SHARON BURKE, Secretary's Office, Grievance Coordinator;
PRC COMMITTEE AT DALLAS SCI; JAMES T. WYNDER, JR., SCI-Dallas Warden;
DEPUTY KNEISS; ROBERT BITNER, Chief Hearing Officer;
ED LANYON, Unit Manager; ROGER LUCAS, Secretary;
APRIL GROMEL, Librarian; PATRICIA HARADEM, Librarian;
OFFICER ROXBY; OFFICER PURCELL; KEVIN NAHILL; ROBERT KRAH;
OFFICER FILIPAK; OFFICER TRUSZKOWSKI; OFFICER GUZMAN;
OFFICER EVANS; OFFICER MADL; OFFICER ZELINSKI; OFFICER DOLE;
OFFICER TEMPLETON; OFFICER PYZIA; OFFICER FISHER;
LOUISE CICERCHIA, Counselor; MAJOR VINCE MOONEY;
CAPTAIN SCHOONOVER
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 05-cv-02446)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 19, 2010

Before:  BARRY, FISHER and GREENAWAY, JR., Circuit Judges.

(Filed: September 8, 2010)

_____

OPINION

_____

PER CURIAM

Mark Green, a prisoner proceeding pro se, appeals orders of the District Court denying his motion for leave to file an amended complaint, granting the defendants' motion to dismiss for failure to state a claim, and granting the defendants' motion for summary judgment based on failure to exhaust administrative remedies. For the reasons that follow, we will affirm in part, vacate in part, and remand for further proceedings.

I.

Green initiated a civil rights action in the United States District Court for the Middle District of Pennsylvania, alleging that the Pennsylvania Department of Corrections ("DOC"), various DOC components, and DOC employees violated his rights under the First, Eighth, and Fourteenth Amendments. In separate orders that adopted a Magistrate Judge's Reports and Recommendations, the District Court: (1) dismissed the DOC and its components because they were not "persons" for purposes of 42 U.S.C. § 1983; (2) dismissed those individual defendants against whom no specific allegations of wrongdoing were made in Green's amended complaint; (3) dismissed several claims that did not implicate Constitutional protections; and (4) granted the remaining defendants' motion for summary judgment because Green had failed to exhaust his administrative remedies. Green appealed.

2

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. The District Court's denial of a motion for leave to amend a complaint is reviewed for abuse of discretion. See Krantz v. Prudential Inv. Fund Mgmt., 305 F.3d 140, 144 (3d Cir.2002). We exercise plenary review over the District Court's grant of the Defendants' motions to dismiss. See Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008). We accept as true all of the allegations contained in the complaint and draw reasonable inferences in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plenary review also applies to the order granting summary judgment. DeHart v. Horn, 390 F.3d 262, 267 (3d Cir. 2004). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c)(2); Kaucher v. County of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006).

III.

The District Court properly dismissed the claims brought against the DOC and its components. Under the Eleventh Amendment, states and state agencies are immune from

3

suit in federal court.  See, e.g., Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993).  Because the Pennsylvania DOC is a part of the executive department of the Commonwealth of Pennsylvania, it shares in the Commonwealth's Eleventh Amendment immunity.  See Lavia v. Pennsylvania, 224 F.3d 190, 195 (3d Cir. 2000).  The Eleventh Amendment also provided immunity to the individual defendants to the extent that they were sued in their official capacities.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  We have previously noted that the Commonwealth of Pennsylvania has not waived its rights under the Eleventh Amendment.  See Lavia, 224 F.3d at 195; 42 Pa. Const. Stat. Ann. § 8521(b).

IV.

To the extent the DOC employees were sued in their individual capacities, the District Court adopted the Magistrate Judge's recommendation to dismiss those defendants against whom no claims were asserted in Green's amended complaint.  In particular, the Magistrate Judge concluded that "without facts to show how [these defendants] allegedly violated [Green's] civil rights, there is no viable claim against them."  The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that each averment be "concise, and direct," Fed. R. Civ. P. 8(d)(1).  Generally, however, where the complaint is deficient, a district should provide a plaintiff

4

with leave to amend before dismissal. See Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000).

In Green's complaint, which was later consolidated with a complaint that he had filed in a separate action (the "original complaints"), he named as defendants individuals who worked at SCI-Graterford, SCI-Camp Hill, and SCI-Dallas. Green then filed a motion to amend his complaint to add additional claims against SCI-Dallas employees. By order entered May 16, 2006, the Magistrate Judge granted Green's motion, but stated:

> Although the plaintiff accompanied his motion to amend with a proposed "Amended Complaint," that document is incomplete in itself, as it only includes the plaintiff's claims with respect to the SCI-Dallas defendants. As it now stands, any attempt to decipher the plaintiff's claims, would require the court and/or the defendants to look to the plaintiff's original complaint; the complaint and materials filed [in] Civil Action No. 3:05:2562, which was consolidated into the instant action; and the plaintiff's now proposed amended complaint. Therefore, in order to simplify the record, the plaintiff will be required to file one, all-inclusive amended complaint."

Green filed a second amended complaint, but it too failed to reassert claims against the SCI-Graterford and SCI-Camp Hill defendants. Consequently, those defendants filed motions to dismiss. Green then filed another motion to amend his complaint, asserting that he misunderstood the Magistrate Judge's order and "did not know that he had to restate his claims against everybody starting with the defendants at Graterford prison." The Magistrate Judge denied the motion, noting that the March 16, 2006 order was "very clear and specific." In dismissing the claims which had been included in the original complaints but omitted from the amended complaint, the Magistrate Judge emphasized

5

that Green had already been allowed to amend his complaint once, that he had been "strongly directed" to make the complaint complete in itself, that the case had been pending for over one year without any responsive pleadings being filed, and that it would be inequitable to the defendants to allow the "continued languishment of the case against them."

Federal Rule of Civil Procedure Rule 15(a) favors allowing amendments to complaints "when justice so requires," in the absence of any apparent or declared reason, such as undue delay, bad faith, or undue prejudice. See Foman v. Davis, 371 U.S. 178, 182 (1962). Although the Magistrate Judge's instruction to file an amended complaint that was "complete in and of itself" was clear, there is no indication that granting a second motion to amend would not have prejudiced the defendants.[1] Far from "languish[ing]," the case had been proceeding for less than ten months when Green filed his second motion to amend. Moreover, Green did not act in bad faith, the second amended complaint would not have changed the theory of the case, and, significantly, the defendants were familiar with the claims Green sought to add because they had been included in the original complaints.

---

[1]The defendants opposed Green's motion for leave to file a second amended complaint, but they did not argue that granting leave to amend would prejudice them. Instead, they argued that Green "chose to ignore [the Magistrate Judge's] instructions" and asserted that Green's "attempts to keep adding claims for different institutions are primarily designed to circumvent the Prison Litigation Reform Act."

6

Under these circumstances, and in light of Green's pro se status, we conclude that the denial of his motion to file a second amended complaint was an abuse of discretion. Consequently, we will summarily vacate the order denying Green's motion to file a second amended complaint, as well as that portion of the order granting the motion to dismiss which rejected those claims that had been included in the original complaints but omitted from the amended complaint. On remand, the District Court should permit Green to file an amended complaint containing the claims raised in his original complaints.

V.

After the District Court granted the motions to dismiss, only two claims remained pending: (1) an allegation that certain employees issued false misconduct reports in retaliation for Green filing grievances; and (2) an allegation that a Unit Manager prevented Green from timely filing an appeal in this Court by confiscating his legal papers.[2] Those defendants filed a motion for summary judgment, arguing that Green

---

[2]The District Court properly adopted the Magistrate Judge's recommendation to dismiss Green's allegation that certain defendants verbally harassed and threatened him. See, e.g., McBride v. Deer, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) (explaining that "acts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment"); Patton v. Przybylski, 822 F.2d 697, 700 (7th Cir. 1987) ("Defamation is not a deprivation of liberty within the meaning of the due process clause."). In addition, we agree that Green's access to the courts claim failed to the extent that he failed to identify a non-frivolous claim which he was prevented from presenting. See Lewis v. Casey, 518 U.S. 343, 352-53 (1996); Christopher v. Harbury, 536 U.S. 403, 415-17 (2002). Finally, Green failed to state a claim for deprivation of his Fourteenth Amendment rights. See Sandin v. Connor, 515 U.S. 472, 483-84 (1995) (holding that liberty interests protected by the Due Process Clause are generally limited to freedom from restraint that imposes an atypical and significant hardship on an inmate);

7

failed to exhaust his administrative remedies prior to commencing the present action. An affidavit prepared by a prison official who had reviewed files of inmate grievances indicated that, prior to filing his original complaint, Green had appealed to final review nine grievances. After thoroughly reviewing the record, we agree that none of those grievances involved the retaliation and access to the courts claims that survived the motions to dismiss.

Green notes that, in the period between the filing of his original and amended complaints, he properly pursued through final review 11 additional grievances. The District Court refused to consider those grievances, however, holding that Green was required to exhaust his administrative remedies prior to filing his complaint, not his amended complaint. It is well-settled that exhaustion must occur prior to filing the action in federal court. See Booth v. Churner, 532 U.S. 731, 738-39 (2001); Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir. 2002). This is not a case where the cause of action did not yet exist at the time Green filed the original complaints. Cf. Barnes v. Briley, 420 F.3d 673, 679 (7th Cir. 2005) (holding, in action originally brought under the Federal Tort Claims Act, that the "filing of the amended complaint [containing § 1983 claims] was the functional equivalent of filing a new complaint, . . . and it was only at that time that it

_____

Meachum v. Fano, 427 U.S. 215, 224-25 (1976) (holding that a prisoner does not have a liberty interest in a particular housing location or custody level while under the jurisdiction of correctional authorities); James v. Quinlan, 866 F.2d 627, 629 (3d Cir. 1989) (stating that the Due Process Clause does not grant prisoners a constitutionally protected liberty or property interest in their prison job assignments).

8

became necessary to have exhausted the administrative remedies against the state defendants."). Accordingly, we agree that Green failed to exhaust his administrative remedies as to the retaliation and access to the courts claims that are identified above.

## VI.

For the foregoing reasons, we will summarily vacate the order denying Green's motion to file a second amended complaint, as well as that portion of the order entered March 20, 2007, which dismissed the claims that had been included in the original complaints but omitted from the amended complaint, and will remand with instructions to permit the filing of an amended complaint containing those claims. In all other respects, we will affirm the orders granting the defendants' motions to dismiss and for summary judgment.[3] See Third Cir. LAR 27.4; I.O.P. 10.6.

---

[3]Green's motion for appointment of counsel is denied. See Tabron v. Grace, 6 F.3d 147, 155-57 (3d Cir. 1993). His "Application for Certificate of Appealability" is denied as unnecessary.