McCALLA, District Court Judge,
concurring in judgment:
I concur in the judgment alone. The district court improperly determined Jackson had not exhausted his claims, not because the PLRA was inapplicable to his post-release third amended complaint, but because Jackson’s failure to exhaust is excusable under § 1997e(a).
Exhaustion under the PLRA.is measured at the time the action is filed. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002); Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir. 2014) (“[Exhaustion is analogous to subject-matter jurisdiction, personal jurisdiction, venue, and abstention, in that all these -matters are typically decided at the outset of the litigation.... [But unlike personal jurisdiction and venue] a failure to exhaust ... concern[s] a-prerequisite to bringing suit in any court.”) Since the Supreme Court’s decision in Jones, several circuits now permit plaintiffs to litigate claims newly included in ah amended complaint, so' long as those claims are fully exhausted by the time the plaintiffs filed the amended complaint. Cano v. Taylor, 739 F.3d 1214, 1221 (9th Cir. 2014); Rhodes v. Robinson, 621 F.3d 1002 (9th Cir. 2010); Barnes v. Briley, 420 F.3d 673 (7th Cir. 2005); Mattox v. Edelman, 851 F.3d 583, 591 (6th Cir. 2017), reh’g denied (Apr. 6, 2017) (distinguishing itself from Cox v. Mayer, 332 F.3d 422, 428 (6th Cir. 2003) where the plaintiff “had not exhausted any of his elaims before filing suit in federal court,” and thus “Rule 15(d) could not save an action that did not comply with the PLRA’s exhaustion requirement in any way.”); see also Mitchell v. Dodrill, 696 F.Supp.2d 454, 465 (M.D. Pa. 2010) (finding incarcerated plaintiff had “exhausted *938 his administrative remedies related to his claims prior to filing the amended complaint,” but only after the district court highlighted that plaintiff filed two separate actions, the later-filed second action was exhausted, and the district court consolidated the cases and itself directed plaintiff to file an “amended complaint”).
The ability to amend a complaint with fully exhausted claims, however, does not permit plaintiffs to override the substantive requirement contained in the PLRA. See Mattox, 851 F.3d at 591. Accordingly, our sister courts have held that if a plaintiff fails to exhaust any of his claims prior to filing, his later release and subsequent amended pleading do not relieve him of the PLRA’s exhaustion requirement. Butler v. Suffolk Cty., 289 F.R.D. 80, 93 n.6 (E.D.N.Y. 2013) (“That Plaintiff King filed the [Consolidated Amended Complaint] after being released from custody does not relieve him of the PLRA’s exhaustion requirement.”); Jackson v. Gandy, 877 F.Supp.2d 159, 175 (D.N.J. 2012); Banks v. York, 515 F.Supp.2d 89, 106 n.7 (D.D.C. 2007) (“Notwithstanding his release, plaintiff was still incarcerated [when the action was filed], and he is therefore subject to the requirements of the PLRA.”). I, therefore, respectfully disagree with the majority and would find that the PLRA remained applicable to Jackson despite his post-release amended complaint. I nevertheless agree with the majority’s judgment because Jackson effectively exhausted his claims, and thus he is excused from the PLRA exhaustion requirement.
Prisoners who are functionally unable to exhaust their claims through no fault of their own may be excused from the PLRA exhaustion requirement. See, e.g., Reyes v. Smith, 810 F.3d 654, 658 (9th Cir. 2016); Williams v. Paramo, 775 F.3d 1182 (9th Cir. 2015); Nunez v. Duncan, 591 F.3d 1217, 1224-26 (9th Cir. 2010) (“We hold that Nunez’s failure to timely exhaust his administrative remedies is excused because he took reasonable and appropriate steps to exhaust his Fourth Amendment claim and was precluded from exhausting, not through his own fault....”). In other words, we have recognized that the PLRA does not require exhaustion when circumstances render administrative remedies “effectively unavailable.” Nunez, 591 F.3d at 1226.
In Ross v. Blake, the Supreme Court held that § 1997e(a) requires an inmate to exhaust only those “grievance procedures that are capable of use to obtain some relief for the action complained of.” — U.S. -, 136 S.Ct. 1850, 1859, 195 L.Ed.2d 117 (2016) (citation and internal quotation marks omitted). The Court set out three examples of circumstances in which an administrative remedy was not capable of use to obtain relief despite being officially available to the inmate: (1) when the administrative procedure “operates as a simple dead end” because officers are “unable or consistently unwilling to provide any relief to aggrieved inmates”; (2) when the administrative scheme is “so opaque that it becomes, practically speaking, incapable of use” because “no ordinary prisoner can discern or navigate it”; and (3) when prison administrators “thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.” Id. at 1859-60.
Under the circumstances present here, I would find Jackson exhausted his available administrative remedies prior to filing his March 7, 2013 second amended complaint in January 2013, when CDCR closed Jackson’s still-pending appeal due to his release.
As I would find the PLRA still applied to Jackson and that he is excused from the *939 exhaustion requirement under § 1997e(a), I concur in the judgment only.