**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ERNEST LEE VADEN,
            *Plaintiff-Appellee,*

v.

K. SUMMERHILL; R. L. GOWER; ST.
ANDRE; CHAPMAN; W. A. DUNCAN,
            *Defendants-Appellants.*

No. 05-15650

D.C. No.
CV-03-02290-LKK

OPINION

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Submitted March 17, 2006*
San Francisco, California

Filed June 6, 2006

Before: Pamela Ann Rymer, William A. Fletcher, and
Richard R. Clifton, Circuit Judges.

Opinion by Judge Clifton

---

*The panel unanimously finds this case suitable for decision without
oral argument. Fed. R. App. P. 34(a).

**COUNSEL**

Bill Lockyer, James M. Humes, Frances T. Grunder, James E. Flynn, Kelli M. Hammond, Office of the Attorney General of the State of California, Sacramento, California, for the defendants-appellants.

Ernest Lee Vaden, Susanville, California, plaintiff-appellee, pro se.

**OPINION**

CLIFTON, Circuit Judge:

Prisoners frequently file lawsuits in federal court regarding prison conditions. The Prison Litigation Reform Act of 1995 ("PLRA"), in 42 U.S.C. § 1997e(a), requires that a prisoner exhaust available administrative remedies before bringing these actions. In this case, a California state prisoner sent a complaint to the district court before he had exhausted his administrative remedies within the state prison system. He did, however, exhaust those remedies by the time the district court granted him permission to file his complaint *in forma pauperis* under 28 U.S.C. § 1915. The district court concluded that the prisoner satisfied the PLRA's exhaustion requirement in those circumstances. We conclude, however, that the PLRA requires that a prisoner exhaust administrative remedies before submitting any papers to the federal courts. Because the prisoner here has not met that requirement, this action must be dismissed without prejudice.

## I. BACKGROUND

The California Department of Corrections provides a four-step grievance process for prisoners who seek review of an administrative decision or perceived mistreatment: an informal level, a first formal level, a second formal level, and the Director's level. *Brown v. Valoff*, 422 F.3d 926, 929-30 (9th Cir. 2005) (citing Cal. Code Regs., tit. 15 §§ 3084.5(a), 3084.5(e), 3084.6(c)).

Ernest Lee Vaden, an inmate at High Desert State Prison, a California state facility, submitted an Inmate/Parolee Appeal Form ("CDC 602") alleging misconduct by Defendants Gower, Chapman, and St. Andre, all prison employees. His inmate appeal bypassed the informal level of review, was partially granted at the first formal level of review, was partially granted at the second formal level of review, and was denied at the Director's level of review.

While his grievance was still pending before the Director, on November 3, 2003, Vaden sent a complaint to the district court requesting relief under 42 U.S.C. § 1983 against Defendants Summerhill,[1] Gower, St. Andre, Chapman, and Duncan.[2] Vaden also sought permission to proceed *in forma pauperis*. On March 10, 2004, by which time the administrative review

---

[1] Defendant Summerhill is also a prison employee. In his CDC 602, Vaden alleged that only Defendants Gower, St. Andre, and Chapman committed misconduct, and stated that he merely relayed his concerns to Summerhill. Accordingly, in responding to his grievance, prison administrators addressed only Gower, St. Andre, and Chapman's alleged misconduct and did not mention Summerhill. Vaden identified Summerhill as a subject of his grievance for the first time in his federal court complaint.

[2] Defendant Duncan is the Assistant Director of the California Department of Corrections. Vaden did not name him in his CDC 602, and in responding, prison administrators accordingly did not mention Duncan. In his federal court complaint, Vaden brought Duncan in for the first time, alleging that he was liable for having promulgated the state's prison policies.

process had been concluded, the district court granted Vaden's motion to proceed *in forma pauperis*, and his complaint was formally filed.

Defendants moved to dismiss the complaint for failure to exhaust administrative remedies. The magistrate judge recommended that the motion be denied, explaining that Vaden had exhausted administrative remedies against all[3] of the Defendants by the time the court authorized the filing of his complaint *in forma pauperis*. The district court adopted that recommendation. Defendants' challenge to the denial of their motion to dismiss has been certified for interlocutory appeal under 28 U.S.C. § 1292(b).

## II.  DISCUSSION

This court reviews *de novo* the district court's interpretation of 42 U.S.C. § 1997e(a)'s exhaustion requirement. *See Roles v. Maddox,* 439 F.3d 1016, 1017 (9th Cir. 2006).

**[1]** As amended by the PLRA, 42 U.S.C. § 1997e(a) states: "No action shall be *brought* with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." (emphasis added). At issue is the precise point in the proceedings at which an action is "brought."

---

[3]In their submissions to the district court and this court, Defendants appeared to agree that Vaden pursued administrative remedies as to Defendants Summerhill and Duncan as well, and that was the apparent understanding of the district court. As noted above, in notes 1 and 2, our review of the record suggests otherwise. If, in fact, Vaden sought relief within the prison grievance system only as to Defendants Gower, St. Andre, and Chapman, then it would appear that he failed to exhaust his remedies against Summerhill and Duncan, regardless of the outcome of this appeal. We need not resolve that factual question here.

Vaden argues, and the district court agreed, that an action is "brought" when it is "filed," which in this case occurred well after Vaden submitted the complaint. The complaint was formally filed when the district court authorized the "commencement . . . of [the] suit . . . without prepayment of fees" under 28 U.S.C. § 1915, the *in forma pauperis* statute. Defendants argue in contrast that an action is "brought" when a prisoner first submits it to the district court.

**[2]** In most civil actions, the submission and filing of a complaint are simultaneous events. That is not the case when a prisoner submits a complaint with an application to proceed *in forma pauperis,* where there is normally a gap in time between the submission of the complaint and its filing. This is so because the district court needs time both to review the *in forma pauperis* application and to screen the substance of the complaint. *See, e.g.,* 28 U.S.C. § 1915A(b) (authorizing the district court to dismiss prisoner complaints that are "frivolous, malicious, or fail[ ] to state a claim upon which relief may be granted; or seek[ ] monetary relief from a defendant who is immune from such relief").

**[3]** Mindful of this context, the Seventh Circuit has held that "an action is 'brought' for purposes of § 1997e(a) when the complaint is tendered to the district clerk," and not when it is subsequently filed. *Ford v. Johnson*, 362 F.3d 395, 400 (7th Cir. 2004). We agree with the Seventh Circuit's analysis and adopt its holding as our own.

**[4]** The word "brought" properly focuses attention on what the prisoner-plaintiff does. The complaint is "brought" by the prisoner when he submits it to the court. Accordingly, the prisoner must have entirely exhausted administrative remedies by this point. As the Seventh Circuit observed, Congress may have selected the word "brought," rather than "filed" or "commenced," to underscore its objectives in enacting the PLRA. *Id.* at 399. The Supreme Court has described those objectives:

Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. . . . In other instances, the internal review might "filter out some frivolous claims." And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

*Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (citing *Booth v. Churner*, 532 U.S. 731, 737 (2001)). Thus, "brought" must mean " 'got under way' or some similar phrase [to ensure] that the litigation process does not start until the administrative process has ended." *Ford*, 362 F.3d at 399.

This holding is also guided by our own previous assessment of § 1997e(a): "[P]resuit exhaustion provides a strong incentive that will further these Congressional objectives; permitting exhaustion *pendente lite* will inevitably undermine attainment of them." *McKinney v. Carey*, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (per curiam). In *McKinney*, the prisoner had not yet exhausted his administrative remedies by the time he filed his complaint in federal court, but was in the process of doing so when a motion to dismiss was filed. The prisoner asked the district court to stay the proceedings so that he could satisfy the exhaustion requirement. The district court declined to do so, and we affirmed, holding that dismissal was required because the exhaustion requirement was mandatory. The same holds true here. As the Seventh Circuit noted in *Ford*, exhaustion requirements are common and they are routinely enforced "by dismissing a suit that begins too soon,

even if the plaintiff exhausts his administrative remedies while the litigation is pending." 362 F.3d at 398.

The bottom line is that a prisoner must pursue the prison administrative process as the first and primary forum for redress of grievances. He may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed. It would be inconsistent with the objectives of the statute to let him submit his complaint any earlier than that.

**[5]** Because Vaden did not exhaust his administrative remedies prior to sending his complaint to the district court, the district court must dismiss his suit without prejudice. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003).

**REVERSED AND REMANDED.**