**Stephen F. SNOW, Plaintiff— Appellant,**

v.

**Edward ALMEIDA, Jr.; et al., Defendants—Appellees.**

No. 05–17021.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed April 2, 2009.

Stephen F. Snow, Folsom, CA, pro se.

Thomas S. Patterson, Esq., AGCA—Office of the California Attorney General, San Francisco, CA, for Defendants–Appellees.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

MEMORANDUM **

Stephen F. Snow appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that prison officials retaliated against him for exercising his First Amendment rights and violated his constitutional right to access the courts. We have jurisdiction under 28 U.S.C. § 1291. We review de novo orders dismissing a prisoner's complaint pursuant to 28 U.S.C. § 1915A, *Ramirez v. Galaza,* 334 F.3d 850, 853–54 (9th Cir.2003), dismissing for failure to state a claim upon which relief can be granted, *Kildare v. Saenz,* 325 F.3d 1078, 1085 (9th Cir.2003), and granting summary judgment, *Ballen v. City of Redmond,* 466 F.3d 736, 741 (9th Cir.2006). We review denial of a continuance to permit additional discovery under Rule 56(f) for an abuse of discretion. *Nidds v. Schindler Elevator Corp.,* 113 F.3d 912, 920–21 (9th Cir.1996). We review the district court's factual determination that a prisoner failed to exhaust administrative remedies for clear error, and its legal conclusions de novo. *Wyatt v. Terhune,* 315 F.3d 1108, 1120 (9th Cir. 2003). We affirm.

The district court properly dismissed Snow's access to courts claims because he failed to allege facts demonstrating "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis v. Casey,* 518 U.S. 343, 348, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Snow's request for oral argument.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The district court properly granted summary judgment on Snow's retaliation claim against Burke because Snow failed to contravene evidence that he was denied law library access for causing a disturbance. *See Rhodes v. Robinson,* 408 F.3d 559, 567–68 (9th Cir.2005) (to establish a claim of First Amendment retaliation, prisoner must show that the officials' actions did not reasonably advance a legitimate correctional goal).

The district court properly granted summary judgment on Snow's retaliation claim against Pickering because Snow failed to raise a genuine issue of material fact as to whether Pickering's actions chilled Snow's exercise of his First Amendment rights. *See id.* at 567 (a viable First Amendment retaliation claim requires a showing that adverse action chilled inmate's exercise of protected activities).

Contrary to Snow's contention, the district court granted each of Snow's timely requests for continuances to conduct discovery, and Snow fails to show how allowing additional discovery would have precluded summary judgment. *See Chance v. Pac–Tel Teletrac Inc.,* 242 F.3d 1151, 1161 n. 6 (9th Cir.2001).

The district court properly dismissed Snow's retaliation claim against White for failure to exhaust administrative remedies because Snow failed to submit a Director's Level appeal. *See* 42 U.S.C. § 1997e(a); *Vaden v. Summerhill,* 449 F.3d 1047, 1048–49 (9th Cir.2006) (inmate must pursue prison grievance process to the Director's Level to exhaust all available administrative remedies).

Snow's remaining contentions are unpersuasive.

**AFFIRMED.**