MEMORANDUM **
California state prisoner John Hardney appeals pro se from the district court’s *645 judgment dismissing his 42 U.S.C. § 1983 action, without prejudice, for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. Wyatt v. Terhune, 315 F.3d 1108, 1117 (9th Cir.2003). We affirm.
The district court properly dismissed the action because Hardney did not properly exhaust administrative remedies before submitting his original complaint to federal court. See McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir.2002) (per curiam) (stating that inmates must exhaust administrative procedures before filing suit in federal court); see also Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir.2006) (holding that an action is brought for purposes of § 1997e(a) when the prisoner submits his complaint to the court). Moreover, the one grievance for which Hardney completed the administrative appeal process before bringing his action in federal court did not exhaust remedies as to any of Hardney’s retaliation claims because it did not give the defendants adequate notice of their nature. See Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir.2009) (holding that a grievance must at minimum alert the prison to the nature of the wrong for which redress is sought). The district court also properly determined that Hard-ney did not exhaust the grievance that was only partially granted at the second level of review. See id. at 1119 (proper exhaustion “means that the grievant must use all steps the prison holds out ..
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provid *645 ed by Ninth Circuit Rule 36-3.