**Joseph E. JOHNSON, Jr., Plaintiff—Appellant,**

v.

**Deputy HENSEL; et al., Defendants— Appellees.**

**No. 07–17047.**

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2009.*

Filed May 26, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Joseph E. Johnson, Jr., San Quentin, CA, pro se.

Eugene Whitlock, Deputy County Counsel, Redwood City, CA, for Defendants–Appellees.

Before: PREGERSON, CANBY, and BERZON, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

## MEMORANDUM **

Joseph E. Johnson, Jr., a former inmate at the San Mateo County jail, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action, without prejudice, for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Johnson also appeals from the district court's order denying his motion for reconsideration. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to exhaust. *Wyatt v. Terhune,* 315 F.3d 1108, 1117 (9th Cir.2003). We review for abuse of discretion the denial of a reconsideration motion. *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.,* 5 F.3d 1255, 1262 (9th Cir.1993). We affirm.

The district court properly dismissed the action because Johnson did not exhaust available administrative remedies before filing his complaint in federal court. *See McKinney v. Carey,* 311 F.3d 1198, 1200–01 (9th Cir.2002) (per curiam) (stating that inmates must exhaust administrative procedures before filing suit in federal court); *see also Vaden v. Summerhill,* 449 F.3d 1047, 1048 (9th Cir.2006) (holding that an action is brought for purposes of § 1997e(a) when the prisoner submits his complaint to the court). Although he filed grievances, he did not allow for a reasonable time for response before bringing suit. Further, Johnson failed to show that he was prevented from exhausting.

The district court did not abuse its discretion in denying Johnson's motion for reconsideration given that it presented no pertinent new evidence, law, or demonstration of clear error. *See Sch. District No. 1J, Multnomah County,* 5 F.3d at 1263

(reconsideration is appropriate if the district court is presented with newly discovered evidence, committed clear error or the initial decision was manifestly unjust, or if there is an intervening change in controlling law).

Johnson's remaining contentions are unpersuasive.

**AFFIRMED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.