**Kristofer Michael SENECA,**
**Plaintiff–Appellant,**

v.

**ARIZONA, State of, sued in its**
**individual & official capacity;**
**et al., Defendants–Appellees.**

No. 06–16342.

United States Court of Appeals,
Ninth Circuit.

Submitted July 17, 2009.*

Filed Aug. 19, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed.   R.App. P. 34(a)(2).

---

Kristofer Michael Seneca, Florence, AZ, pro se.

Kelley J. Morrissey, Esq., Office of the Arizona Attorney General, Phoenix, AZ, for Defendants–Appellees.

Before: HALL, W. FLETCHER, and PAEZ, Circuit Judges.

MEMORANDUM **

Arizona state prisoner Kristofer Seneca appeals pro se from the district court's dismissal of his 42 U.S.C. § 1983 action alleging that the Arizona Department of Corrections ("ADOC") violated his right to free exercise of religion under the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.* The district court dismissed as moot Seneca's claims regarding the ADOC's requirement that prisoners submit a verification letter in order to change their religious designation and the ADOC's limitations on inmates' access to religious items, and dismissed Seneca's claim challenging the ADOC's policy requiring that all religious items be purchased from the inmate store for failure to exhaust. We have jurisdiction to review the district court's final orders pursuant to 28 U.S.C. § 1291. We reverse the district court's dismissal of two of Seneca's claims as moot, and affirm the district court on all other grounds.

1. We review de novo the dismissal of a claim as moot. *Demery v. Arpaio,* 378 F.3d 1020, 1025 (9th Cir.2004). Voluntary cessation of challenged conduct renders a claim moot if "(1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *County of Los Angeles v. Davis,* 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979) (citations omitted). A defendant's voluntary change in policy only renders a claim moot if it is " 'a permanent change' in the way it [does] business and [is] not a 'temporary policy that the agency will refute once this litigation has concluded.' " *Smith v. Univ. of*

** This disposition is not appropriate for publication and is not precedent except as provid-

ed by 9th Cir. R. 36–3.

*Wash., Law Sch.,* 233 F.3d 1188, 1194 (9th Cir.2000) (quoting *White v. Lee,* 227 F.3d 1214, 1243 (9th Cir.2000)). Further, in establishing mootness, the *"defendant* bears the burden of showing that its voluntary compliance moots a case by convincing the court that 'it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur.'" *Lozano v. AT & T Wireless Services, Inc.,* 504 F.3d 718, 733 (9th Cir.2007) (emphasis in original).

◼ Here, the ADOC merely filed an affidavit stating that the "policy changed" after Seneca filed suit such that inmates were no longer required to present a verification letter, and that Seneca had since been allowed to change his religious designation. Because this evidence fails to establish the permanency of the change in policy, the ADOC did not meet its burden of demonstrating mootness. *See, e.g., United States v. W.T. Grant Co.,* 345 U.S. 629, 633, 73 S.Ct. 894, 97 L.Ed. 1303 (1953); *Smith,* 233 F.3d at 1194. We do not foreclose the possibility that the ADOC may be able to meet its burden with additional evidence of its change in policy. We therefore reverse the dismissal of Seneca's claim challenging the verification letter requirement and remand for further proceedings.[1]

◼ We also reverse the dismissal of Seneca's claim that the policy limiting inmates to seven religious items lacked compelling justification and was not the least restrictive means of furthering ADOC interests, and so violated RLUIPA. The ADOC's elimination of a numerical limit on items did not resolve Seneca's claim because the new policy simultaneously eliminated the allowance for oversize items,

preventing Seneca from accessing certain large items counted among the twenty items to which he sought access in his complaint. Seneca maintained throughout the litigation that he sought access to these twenty items, and that the ADOC violated his rights by preventing him from accessing the items without compelling reason or use of the least restrictive means. Because the change in policy did not "completely and irrevocably eradicate[ ] the effects of the alleged violation," it did not render his claim moot. *Davis,* 440 U.S. at 631, 99 S.Ct. 1379.

When considering this claim on remand, the district court should apply the RLUIPA's broad definition of "religious exercise" in light of our recent opinions addressing that issue. *See Greene v. Solano County Jail,* 513 F.3d 982, 986 (9th Cir. 2008) ("RLUIPA 'bars inquiry into whether a particular belief or practice is central to a prisoner's religion'" (quoting *Cutter v. Wilkinson,* 544 U.S. 709, 725 n. 13, 125 S.Ct. 2113, 161 L.Ed.2d 1020 (2005))); *Shakur v. Schriro,* 514 F.3d 878, 884–85 (9th Cir.2008) (focusing on the sincerity rather than centrality of a religious belief); *see also* 42 U.S.C. § 2000cc–5(7)(A) (defining "religious exercise" as "any exercise of religion, whether or not compelled by, or central to, a system of religious belief").

2. "On a dismissal for failure to exhaust administrative remedies, the district court's underlying factual determinations are reviewed for clear error, and its application of substantive law is reviewed de novo." *Whitman v. Mineta,* 541 F.3d 929, 931 (9th Cir.2008). The Prison Litigation Reform Act of 1995 ("PLRA") requires that inmates exhaust all available administrative remedies before initiating litigation challenging prison conditions. 42 U.S.C.

1. We deny Seneca's motion for leave to present further evidence regarding this claim; the evidence he seeks to introduce was not before

the district court and does not bear on mootness of Seneca's religious verification claim.

§ 1997e(a); *see also Woodford v. Ngo,* 548 U.S. 81, 84, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006); *Vaden v. Summerhill,* 449 F.3d 1047, 1051 (9th Cir.2006). An inmate's failure to exhaust administrative remedies before bringing a federal action challenging prison conditions is an affirmative defense. *Lira v. Herrera,* 427 F.3d 1164, 1170 (9th Cir.2005); *Wyatt v. Terhune,* 315 F.3d 1108, 1117–18, 1120 (9th Cir.2003).

As an initial matter, we conclude that Defendants preserved the exhaustion defense by asserting it in their initial answer, *see Tahoe–Sierra Preservation Council, Inc. v. Tahoe Reg'l Planning Agency,* 216 F.3d 764, 788 (9th Cir.2000), and that the district court properly treated the motion for summary judgment on exhaustion grounds as an unenumerated Rule 12(b) motion. *Wyatt,* 315 F.3d at 1119; *Ritza v. Int'l Longshoremen's & Warehousemen's Union,* 837 F.2d 365, 368 (9th Cir.1988).

█ We also conclude that the district court properly dismissed Seneca's RLUIPA claims regarding the ADOC's policy requiring that religious items be purchased from the inmate store and prohibiting receipt of donated religious items. Although the district court did not review the 2003 grievance with which Seneca claimed to have administratively exhausted this claim, the court properly concluded that even assuming the grievance stated what Seneca asserted, such language was far too general, and could not have put prison officials on notice of Seneca's objection to the donation and purchase policies.[2] *See Griffin v. Arpaio,* 557 F.3d 1117, 1120 (9th Cir.2009) (stating that where a grievance lacks factual specificity, it must at least "alert[ ] the prison to the nature of the wrong for which redress is sought" to satisfy the exhaustion requirement).

█ 3. We review a district court's decision to deny a motion for contempt for abuse of discretion, *Hallett v. Morgan,* 296 F.3d 732, 749 (9th Cir.2002), and we conclude that no such abuse occurred here. Seneca moved the district court to hold the ADOC in contempt for requiring him to produce a religious verification letter in order to change his religious designation and obtain a vegetarian diet, arguing that in doing so the ADOC violated the court's 1986 order in *Van Orden v. Lewis,* No. CIV–86–211–TUC–ACM. However, the *Van Orden* order was narrow in scope, only enjoining the ADOC from requiring a religious verification letter before allowing then-inmate David Van Orden an exemption from a hair length policy. Because the ADOC's actions in this case did not violate that narrow injunction, and the district court had not yet analyzed the merits of Seneca's claim that the verification letter requirement here was unlawful, the district court properly denied the motion.

4. Finally, Seneca briefly argues that the district court erred by failing to consider his claim that Defendants improperly restrict inmates to religious items "normally used" in traditional practice of their religion. Because Seneca did not allege in his complaint or elsewhere before the district court that he has been denied access to any particular item pursuant to this policy, the district court did not err in failing to consider it.

**AFFIRMED in part; REVERSED and REMANDED in part.** The parties shall bear their own costs of appeal.

---

2. Accordingly, we deny Seneca's motion to supplement the record on appeal with the

2003 grievance.