MEMORANDUM **
Arthur Truman Thomas, a former pretrial detainee at Maricopa County Jail, appeals pro se from the district court’s judgment dismissing his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court’s application of substantive law and review for clear error its factual determinations, Wyatt v. Terhune, 315 F.3d 1108, 1117 (9th Cir.2003), and we affirm.
The district court properly dismissed the claims of excessive force and medical indifference in counts one and three of the complaint because Thomas failed to complete the prison administrative process with respect to those claims before initiating a lawsuit in federal court. See McKinney v. Carey, 311 F.3d 1198, 1199 (per curiam) (holding that exhaustion under § 1997e(a) must occur prior to commencement of the action); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir.2006) (“[A]n action is ‘brought’ for purposes of § 1997e(a) when the complaint is tendered to the district clerk, and not when it is subsequently filed.”) (internal quotation marks omitted); see also Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001) (holding that exhaustion is mandatory under § 1997e(a)).
Thomas fails to challenge the district court’s dismissal of count two of the complaint and has thus abandoned the issue. See Cook v. Schriro, 538 F.3d 1000, 1014 n. 5 (9th Cir.2008) (explaining that issues not raised on appeal are deemed abandoned).
We construe the district court’s judgment as dismissing without prejudice. See Wyatt, 315 F.3d at 1120 (explaining that if the court concludes that a prisoner has failed to exhaust, the proper remedy is dismissal without prejudice).
Thomas’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.