**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 4 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHEN L. FARRAR, | No. 16-35496 |
| Plaintiff-Appellant, | D.C. No. 6:15-cv-01935-KI |
| v. | |
| COLETTE PETERS, director of O.D.O.C.; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Garr M. King, District Judge, Presiding

Submitted September 21, 2017**

Before:    SCHROEDER, HAWKINS, and N.R. SMITH, Circuit Judges.

Oregon state prisoner Stephen L. Farrar appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs and due process violations. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Williams v. Paramo*,

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

775 F.3d 1182, 1191 (9th Cir. 2015) (failure to exhaust administrative remedies); *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (summary judgment). We affirm.

The district court properly granted summary judgment on Farrar's deliberate indifference claims because Farrar did not properly exhaust all steps of the grievance process, and he did not show that administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (exhaustion requires that an inmate must use "all steps that the agency holds out, and [do] so *properly*" (citation and internal quotation marks omitted)); *Vaden v. Summerhill*, 449 F.3d 1047, 1150-51 (9th Cir. 2006) (prisoner did not exhaust his administrative remedies because he sent his complaint to the district court while his inmate appeal was still pending).

The district court properly granted summary judgment on Farrar's due process claim because, even assuming a protected liberty interest, Farrar failed to raise a genuine dispute of material fact as to whether defendants violated his due process rights. *See Superintendent v. Hill*, 472 U.S. 445, 455 (1985) (requirements of due process are satisfied if "some evidence" supports disciplinary decision); *Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974) (setting forth due process requirements for prison disciplinary proceedings).

Contrary to Farrar's contention, the district court did not err in refusing to

16-35496

enter a stay. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (rejecting appellant's argument that "the court should have entered a stay that would have provided an opportunity for exhaustion" because "dismissal is required under 42 U.S.C. 1997e(a)").

The district court did not abuse its discretion in denying Farrar's motion for appointment of counsel because Farrar did not demonstrate "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and requirement of "exceptional circumstances" for appointment of counsel).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider documents and facts not presented to the district court. *United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

**AFFIRMED.**

16-35496