**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3771
_____

VITO A. PELINO, on behalf of himself and all others similarly situated,
Appellant

v.

SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
SUPERINTENDENT GREENE SCI
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil Action No. 2:18-cv-01308)
District Judge: Arthur J. Schwab
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 27, 2020
Before: KRAUSE, MATEY and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed January 28, 2020)
_____

OPINION[*]
_____

PER CURIAM

Pro se appellant Vito Pelino appeals from the District Court's dismissal of his

complaint after screening it pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons that

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

follow, we will affirm the District Court's judgment with one modification.

In September 2018, Pelino filed a request for injunctive relief in the District Court, seeking to enjoin the Pennsylvania Department of Corrections and the Warden of SCI-Greene in Waynesburg, Pennsylvania, from following a prison mail policy that had been implemented earlier that month. Soon after, Pelino sought to proceed in forma pauperis ("IFP") and submitted a complaint for filing in the District Court that was dated October 13, 2018, and was date-stamped as having been mailed on October 16, 2018; Pelino also reiterated his request for injunctive relief. The District Court granted Pelino leave to proceed IFP on October 24, 2018.

Adopting a Magistrate Judge's report and recommendation, the District Court ultimately dismissed Pelino's complaint with prejudice pursuant to § 1915(e)(2)(B). The District Court concluded that Pelino had not exhausted his administrative remedies by the time he had submitted his complaint for filing. Pelino indicated in his complaint that he had "been filing grievances . . . and appeals since th[e] new policy came into effect" but that he was still "awaiting [a] response" from his "initial grievance" at that time. See Compl. at ECF p. 3. After the District Court dismissed his complaint, Pelino filed a motion for reconsideration that included objections to the Magistrate Judge's report, arguing that he had received a "final denial of his grievance appeal" that was dated October 22, 2018. See Objections at p. 1. Pelino thus alleged that he had completed the exhaustion of his administrative remedies before the District Court granted his request to proceed IFP. The District Court denied Pelino's motion. Pelino timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We construe

2

Pelino's allegations liberally and exercise plenary review over the District Court's dismissal of Pelino's complaint. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

We agree with the District Court that Pelino's complaint was subject to dismissal because Pelino had not exhausted his administrative remedies at the time that he brought his case. See 42 U.S.C. § 1997e(a). This Court has recently concluded that "a prisoner has 'brought an action'" for purposes of the Prison Litigation Reform Act ("PLRA") "when he tenders or submits his complaint to [a district] court," rather than when a complaint is docketed after a district court grants IFP status to a prisoner. See Brown v. Sage, 941 F.3d 655, 661 (3d Cir. 2019) (en banc). Although our analysis in Brown focused on interpreting when an action is "brought" for purposes of 28 U.S.C. § 1915(g), we noted that "our conclusion accords with how the Courts of Appeals for the Seventh and Ninth Circuits have interpreted 'brought'" in the context of 42 U.S.C. § 1997e(a). See id. at 662-63. Those Courts have held that a prisoner must exhaust his available administrative remedies before tendering a complaint to a district court — the point at which an action is "brought." See Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Ford v. Johnson, 362 F.3d 395, 399-400 (7th Cir. 2004). Accordingly, Pelino "brought" this action in the District Court when he submitted his complaint to prison authorities for mailing, not when the District Court granted him leave to proceed IFP.

Next, it was apparent from the allegations Pelino made in his complaint and his supporting filings that he brought this action before his administrative remedies had been exhausted. See 42 U.S.C. § 1997e(a) (providing that a prisoner must exhaust all "available" administrative remedies prior to bringing suit); Porter v. Nussle, 534 U.S. 516,

3

532 (2002) (holding "that the PLA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). Accordingly, the District Court properly dismissed his complaint and his accompanying requests for relief.[1] See Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir. 2002) (stating that "substantial compliance" with the administrative exhaustion requirement of the PLRA "does not encompass . . . the filing of a suit before administrative exhaustion . . . has been completed"). Both the date on Pelino's complaint and the date that the complaint was mailed to the District Court fell before October 22, 2018, when Pelino alleged that he had completed exhausting his administrative remedies.

Pelino argues on appeal that he was not required to exhaust his administrative remedies prior to initiating suit because exhaustion is not one of the four factors for receiving injunctive relief, and because his constitutional rights were violated by the prison's new mail policy. Pelino's conclusory insistence that his constitutional rights were violated does not excuse the PLRA's exhaustion requirement here, and exhaustion is a preliminary requirement before addressing the merits of a litigant's claim for relief.

For the reasons above, Pelino has shown no error in the District Court's dismissal

---

[1] Sua sponte action by the District Court was appropriate under the circumstances of this case. See Ray v. Kertes, 285 F.3d 287, 293 n.5 (3d Cir. 2002) (explaining that a district court may dismiss a complaint sua sponte for failure to exhaust administrative remedies when a plaintiff "explicitly concede[s]" that exhaustion has not been completed on the face of the complaint). The District Court appropriately did not address Pelino's request for injunctive relief before it dismissed his complaint because it was clear that Pelino had filed his complaint prematurely. See Porter, 534 U.S. at 532.

4

of his complaint.[2]  However, because Pelino could pursue his claims in a new action after exhausting his administrative remedies, the dismissal should have been without prejudice. See Nyhuis v. Reno, 204 F.3d 65, 78 (3d Cir. 2000) (affirming the dismissal of a complaint without prejudice for failure to exhaust administrative remedies and noting that courts should not reach merits of unexhausted claims).  Accordingly, we modify the District Court's order to dismiss the complaint without prejudice.  We will affirm the District Court's order as modified.

---

[2]  Further, the District Court did not abuse its discretion in denying Pelino's motion for reconsideration; Pelino's arguments lacked merit, for the reasons provided by the District Court.  See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam); Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008).  Pelino's motion was properly treated as a request for reconsideration regarding the adjudication of his initial complaint. Cf. Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011) (explaining that "[t]he scope of a motion for reconsideration . . . is extremely limited" and may not "be used as an opportunity to relitigate the case.").