FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

KAVIN MAURICE RHODES,
          *Plaintiff-Appellant,*

          v.

M. ROBINSON; RON BLEVINS; SARA
MALONE; R&R OFFICER; R&R
SERGEANT; OMBUDSMAN; C.
NELSON; CORRECTIONAL OFFICER; V.
PAZO, Correctional Officer; B.
JONES, Sergeant; ROBERTSON,
Sergeant; J. TIDWELL, Correctional
Officer; A. LOPEZ, Facility
Captain; HUEBNER, Lieutenant,
          *Defendants-Appellees.*

No. 08-16363

DC No.
CV 02-5018

OPINION

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted June 15, 2010*
San Francisco, California

Filed September 8, 2010

Before: Diarmuid F. O'Scannlain, A. Wallace Tashima, and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Tashima

---

*The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

## COUNSEL

Kavin M. Rhodes, Kern Valley State Prison, Delano, California, the plaintiff-appellant pro se.

John W. Riches II, Deputy Attorney General, Sacramento, C California, for the defendants-appellees.

**OPINION**

TASHIMA, Circuit Judge:

The district court *sua sponte* dismissed claims thirteen through thirty-three of prisoner Kavin Rhodes' ("Rhodes") second amended complaint ("SAC"), holding that they had not been exhausted, as required by the Prison Litigation Reform Act of 1995 ("PLRA"), which states "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See* 42 U.S.C. § 1997e(a). We reverse, holding that the claims were sufficiently alleged to survive *sua sponte* dismissal under the PLRA.

**Background**

Rhodes is a prisoner in the California prison system who has filed numerous administrative grievances about the treatment he received from guards while in custody at the California Correctional Institution at Tehachapi ("CCI"). On December 26, 2001, Rhodes initiated this lawsuit under 42 U.S.C. § 1983, by placing his original complaint in the prison mail system. He alleged that prison guards at CCI had violated his civil rights by retaliating against him for exercising his First Amendment right to pursue the prison grievance process against them. The complaint was officially filed with the district court on January 4, 2002.

Defendants filed a motion to dismiss Rhodes' claims, which the district court granted. We reversed on appeal. *See Rhodes v. Robinson*, 408 F.3d 559 (9th Cir. 2005). On remand to the district court, Rhodes filed his SAC on March 20, 2006, which added claims thirteen through thirty-three. These claims allege that the same defendant guards perpetrated new retaliatory acts against Rhodes between January 2, 2002, and

November 15, 2003, in response to his initiating this lawsuit. Rhodes' SAC was filed on a form for *pro se* prisoner-litigants. He checked boxes on the form that stated, and thereby alleged, that he had completed the grievance process available at CCI concerning the facts relating to the new claims alleged in the SAC. Nothing in his SAC, or any documents attached to it, controverted that allegation.

The PLRA incorporates a screening procedure, which provides that the "court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, the court may dismiss the complaint, or any portion of it, if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." *See* 28 U.S.C. § 1915A(b)(1). Defendants suggested that the district court screen the SAC in order to "determine whether Plaintiff failed to satisfy the mandatory precondition to bringing suit in federal court, to wit: exhaustion of any available administrative remedies before challenging prison conditions in federal court."

The district court *sua sponte* dismissed claims thirteen through thirty-three for failure to exhaust under § 1997e. It interpreted our decision in *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam), as requiring that claim exhaustion must occur prior to the filing of the *original* complaint. It then held that Rhodes had failed properly to exhaust claims thirteen through thirty-three, reasoning that because they arose from events occurring between January 2, 2002, and November 15, 2003, "any exhaustion of these claims necessarily occurred after the filing of this action," on January 4, 2002.

Rhodes timely appeals.[1] The district court had jurisdiction

---

[1] In addition to the exhaustion issue discussed in this opinion, Rhodes has also raised a host of other contentions on appeal. We address all of those other issues, and affirm the district court, in a memorandum disposition filed concurrently with this opinion.

pursuant to 28 U.S.C. §§ 1331 and 1343. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's legal conclusions de novo. *See Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003).

## Analysis

The district court erred in dismissing the additional claims set forth in Rhodes' SAC for failure to exhaust under § 1997e. The district court reasoned that the PLRA's exhaustion requirement bars amended complaints from asserting new claims based on conduct that occurred after the initial complaint was "brought," even when the prisoner has exhausted the administrative remedies available to address this new conduct before filing the amended complaint. In doing so, the district court relied on our opinion in *McKinney*. More recently, we interpreted the PLRA's exhaustion requirement in *Vaden v. Summerhill*, 449 F.3d 1047 (9th Cir. 2006). Neither of these cases, however, addresses the circumstance of the case at bench, in which a prisoner is filing an amended complaint based on new conduct. Nor do they support the dismissal of claims thirteen through thirty-three, which were newly added in Rhodes' SAC.

[1] *McKinney* held that the PLRA's exhaustion requirement does not allow a prisoner to file a complaint addressing non-exhausted claims, even if the prisoner exhausts his administrative remedies while his case is pending. *See* 311 F.3d at 1199. *Vaden* held that a prisoner must exhaust his administrative remedies before he tenders his complaint to the district court. *See* 449 F.3d at 1050. *Vaden* also held that the claims which are exhausted after the complaint has been tendered to the district court, but before the district court grants him permission to proceed in forma pauperis and files his complaint, must be dismissed pursuant to § 1997e. *See id.* at 1050-51. Together, these cases stand for the proposition that a prisoner must exhaust his administrative remedies for the

claims contained within his complaint before that complaint is tendered to the district court.

Neither *McKinney*'s holding that exhaustion is a prerequisite to suit (as opposed to merely a prerequisite to judgment), nor *Vaden*'s holding that a case is "brought" within the meaning of § 1997e at the time it is tendered to the district court (as opposed to the time it is filed by the clerk), requires the dismissal of the newly-alleged claims in Rhodes' SAC. Rather, they support Rhodes' argument that the new claims in his SAC should not have been dismissed, because they were properly exhausted *before* he tendered his SAC to the district court for filing.

**[2]** Both *McKinney* and *Vaden* must be read and applied in the larger context of the pleading framework established by the Federal Rules of Civil Procedure. As a general rule, when a plaintiff files an amended complaint, "[t]he amended complaint supercedes the original, the latter being treated thereafter as non-existent." *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1976). Nothing in the PLRA's exhaustion requirement creates an exception to this basic premise of our jurisprudence on pleadings.

As the Supreme Court has admonished, "courts should generally not depart from the usual practice under the Federal Rules on the basis of perceived policy concerns" when interpreting the PLRA. *Jones v. Bock*, 549 U.S. 199, 212 (2007). In drafting the PLRA, "when Congress meant to depart from the usual procedural requirements, it did so expressly." *Id.* at 216. Addressing an exhaustion issue related to, but not directly controlling, the case at bench, the Court held that the PLRA "does not — explicitly or implicitly — justify deviating from the usual procedural practice beyond the departures specified by the PLRA itself." *Id.* at 214.

In *Jones*, the Supreme Court struck down a Sixth Circuit decision requiring prisoners to plead exhaustion or face dis-

missal during the district court's PLRA screening process, holding that the circuit's decision imposed an impermissible judicially-created heightened pleading requirement. In doing so, it reasoned that "[t]here is . . . no reason to suppose that the normal pleading rules have to be altered to facilitate" the PLRA's screening and exhaustion requirements. *Id.*

**[3]** In these circumstances, the new claims in Rhodes' SAC were "brought" within the meaning of § 1997e on March 20, 2006, when he tendered that complaint for filing with his motion for leave to file an amended complaint. The SAC alleged that, at the time of filing, all of the claims within it had been properly exhausted. Defendants' argument that the PLRA requires the newly-added claims in the SAC to have been exhausted before the original complaint was "brought" on January 4, 2002, fails because it ignores the general rule of pleading that the SAC completely supercedes any earlier complaint, rendering the original complaint non-existent and, thus, its filing date irrelevant.

The Seventh Circuit addressed the same issue of the PLRA's treatment of amended complaints in a slightly different, but closely analogous, context. Its holding in *Barnes v. Briley*, 420 F.3d 673 (7th Cir. 2005), supports reversing the district court's dismissal of claims thirteen through thirty-three. In *Barnes*, an inmate brought an action under the Federal Tort Claims Act ("FTCA") in October of 2000. *Id.* at 675. In August 2003, in light of subsequent factual developments in his case, the inmate moved to file a second amended complaint dismissing his FTCA claims against the original defendant and adding new claims under § 1983, governed by the PLRA, against new defendants. *Id.* at 676.

"The defendants moved to dismiss the suit on the basis that [the prisoner-plaintiff] had failed to exhaust the prison grievance process related to the incidents underlying his § 1983 claims before filing his original complaint," although he had exhausted the claims by the time he moved to file his second

amended complaint and tendered it to the court. *Id.* The district court granted the motion to dismiss, holding that the additional claims in the second amended complaint were barred by § 1997e because they had not been exhausted prior to the date that the original complaint was brought. *Id.*

The Seventh Circuit reversed, holding that the prisoner had "complied with the purpose and letter of the PLRA." *Id.* at 678. He fulfilled the purpose of the PLRA because he exhausted all of the remedies available to him through the prison grievance process, therefore "afford[ing] those defendants the opportunity to address his grievances before he filed suit against them." *Id.* He followed the letter of the PLRA because he:

> filed his original complaint alleging properly exhausted claims . . . under the FTCA. After an investigation by his newly appointed counsel revealed that the circumstances underlying his original complaint supported different claims against different defendants, [plaintiff] initiated the prison grievance process, as required by the PLRA. Once he had exhausted those administrative remedies, [plaintiff] dismissed his FTCA claims and, with the district court's leave, substituted his § 1983 claims against the . . . defendants. It is evident, therefore, that [the plaintiff] did not attempt to replead improperly exhausted claims in his amended complaint. Rather, he asserted properly exhausted FTCA claims in his original complaint, and later he raised new, properly exhausted § 1983 claims against new defendants.

*Id.* (footnote omitted). The Seventh Circuit observed that "the rationale of the district court demanded that [plaintiff] shoulder an impossible task — to exhaust remedies not yet pertinent to the allegations of the filed complaint." *Id.*

**[4]** As in *Barnes*, Rhodes asserted properly exhausted claims in his original complaint and later raised new, properly exhausted, claims in his SAC. The fact that both of Rhodes' complaints were § 1983 claims against the same group of defendants does not affect the applicability of *Barnes* to this case. We agree with the Seventh Circuit that "[t]he filing of the amended complaint was the functional equivalent of filing a new complaint . . . and it was only at that time that it became necessary to have exhausted all of the administrative remedies" perquisite to bringing the new claims in the amended complaint. *Id.*

**[5]** Moreover, Rhodes' SAC was, in fact, a supplemental complaint, regardless of the label attached to it by the *pro se* prisoner-plaintiff, permitted under Federal Rule of Civil Procedure 15(d) because claims thirteen through thirty-three arose *after* the initial complaint was filed. *See* Fed. R. Civ. P. 15(d); *Griffin v. County Sch. Bd.*, 377 U.S. 218, 227 (1964) ("Rule 15(d) . . . plainly permits supplemental amendments to cover events happening after suit . . . ."); *William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co.*, 668 F.2d 1014, 1057 (9th Cir. 1982) ("The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed."). Rhodes' SAC fits precisely within the language and purpose of Rule 15(d) as a supplemental pleading based on facts that occurred *after* the filing of the original complaint. The district court's interpretation of the PLRA's exhaustion requirement — and *McKinney* — necessarily implies that Rule 15(d) and supplemental pleadings do not apply to actions under the PLRA. A supplemental complaint alleging new, and newly-exhausted, claims could never be filed in a PLRA action. Congress has never indicated, however, that it intended to do away with Rule 15(d) and supplemental pleadings in PLRA actions. And, as we have noted, the Court has expressly reminded us that "when Congress meant to depart from the usual procedural requirement, it did so expressly." *Jones*, 549 U.S. at 216.

We hold that the district court erred when it dismissed claims thirteen through thirty-three of Rhodes' SAC under § 1997e. This result is necessary to harmonize the PLRA with the requirements of the Federal Rules of Civil Procedure, as the Supreme Court has instructed; it is also consistent with our holdings in *Vaden* and *McKinney*.

## Conclusion

**[6]** The PLRA's exhaustion requirement is satisfied so long as Rhodes exhausted his administrative remedies with respect to the new claims asserted in his SAC before he tendered that complaint to the court for filing. Rhodes' SAC alleges that he did this, and there is nothing in the record to the contrary. The district court therefore erred in dismissing claims thirteen through thirty-three as unexhausted under the PLRA.

This is not to say defendants cannot question on remand the veracity of Rhodes' allegations of exhaustion. We make no finding that the claims have, in fact, been exhausted.

**[7]** For the foregoing reasons, the portion of the district court's order dismissing claims thirteen through thirty-three of the SAC is reversed and the case remanded to the district court for further proceedings. Each party shall bear his own costs on appeal.

**REVERSED in part and REMANDED.**