
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT D. REESE, Sr., | No. 09-16231 |
| Plaintiff - Appellant, | D.C. No. 2:05-cv-02336-GEB-KJM |
| v. | |
| TOM L. CAREY; et al., | MEMORANDUM[*] |
| Defendants, | |
| and | |
| A. TRAQUINA; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted December 14, 2010[**]

Before:    GOODWIN, WALLACE, and THOMAS, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

California state prisoner Robert D. Reese, Sr. appeals pro se from the district court's judgment in his 42 U.S.C. § 1983 action alleging that the medical care he received for a broken finger amounted to deliberate indifference. We have jurisdiction under 28 U.S.C. § 1291. We review de novo both the district court's summary judgment ruling, *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc), and the district court's dismissal for failure to exhaust administrative remedies, *Sapp v. Kimbrell*, 623 F.3d 813, 821 (9th Cir. 2010), and we affirm in part, reverse in part, and remand.

The district court properly granted summary judgment on the claims against defendants Kofoed and Traquina because Reese failed to present evidence showing that either defendant acted with deliberate indifference. *See Simmons v. Navajo County*, 609 F.3d 1011, 1019 (9th Cir. 2010) (failure to make correct medical decisions is not deliberate indifference); *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009) (defendants are deliberately indifferent only when they act or fail to act with knowledge of a substantial risk of serious harm).

The district court improperly dismissed Reese's claim against defendant Kanan on exhaustion grounds in light of our intervening case law. *See Rhodes v. Robinson*, 621 F.3d 1002, 1007 (9th Cir. 2010) (exhaustion requirement is satisfied if the inmate exhausts administrative remedies on an issue before filing an

2

amended complaint raising that issue).  Therefore, we remand to allow the district court to determine whether Reese's grievance submitted in 2006 exhausted his claim against Kanan.

Each party shall bear its own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**