to the difficult task imposed by section 3206(c), and it did not abuse its discretion.

33 A.3d 1260

**Elias NIEVES, Appellant**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, and Pennsylvania Department of Corrections and Department of Corrections Community Corrections Center, Appellees.**

Supreme Court of Pennsylvania.

Dec. 21, 2011.

No. 28 MAP 2010,

Elias Nieves, Coal Township, pro se.

Suzanne Noelle Hueston, Pennsylvania Department of Corrections, Camp Hill, Debra S. Rand, PA Department of Corrections, Mechanicsburg, for Department of Corrections and Community Corrections Center.

John Craig Manning, Linda J. Laub, PA Board of Probation & Parole, for Pennsylvania Board of Probation and Parole.

628. Specifically, with reference to the statement, "a minor, such as [Appellant], must attempt to secure the consent of at least one parent," the court was merely offering an alternate rationale based upon its interpretation of the United States Supreme Court's decision in *Planned Parenthood of Southeastern Pennsylvania v. Casey*, 505 U.S. 833, 112 S.Ct. 2791, 120 L.Ed.2d 674 (1992), it did not form the basis for its initial and primary holding. Rather, the court was just pointing out the fact the consent of one parent was not obtained in this case for whatever relevance an appellate court would attribute to that fact. *See* Trial Ct. *slip op.* at 19–21. I view the trial court's other comments as properly explaining why the minor's reasons for failing to involve her mother lacked credibility and, therefore, contributed to its finding of immaturity.

## *ORDER*

PER CURIAM.

**AND NOW,** this 21st day of December, 2011, the Order of the Commonwealth Court is hereby **Affirmed.**

33 A.3d 1260

**Thomas ROBINSON, Appellant**

v.

**DEPT. OF CORRECTIONS, and J–Pay, Appellees.**

Supreme Court of Pennsylvania.

Dec. 21, 2011.

No. 64 MAP 2011,

## *ORDER*

PER CURIAM.

**AND NOW,** this 21st day of December, 2011, the Order of the Commonwealth Court is **AFFIRMED.**