**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PABLO P. PINA,

                Plaintiff - Appellant,

    v.

C. SCAVETTA, Associate Warden; et al.,

                Defendants - Appellees.

No. 10-16749

D.C. No. 3:07-cv-04989-SI

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted January 17, 2012[**]

Before:     LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

    Pablo P. Pina, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging claims arising

from his indeterminate confinement in the Security Housing Unit ("SHU"). We

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003) (failure to exhaust administrative remedies); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915A). We may affirm on any basis supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

The district court properly dismissed Pina's mail-related claims because Pina failed to exhaust administrative remedies prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (concluding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam) (requiring exhaustion of administrative remedies prior to filing suit); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1006-07 (9th Cir. 2010) (the Prison Litigation Reform Act allows for an amended complaint to allege new and newly exhausted claims addressing incidents that had not yet transpired at the original time of filing).

Dismissal of Pina's due process claim was proper because, even assuming that there was a liberty interest at stake in avoiding continued confinement in the SHU, Pina failed to allege facts showing that he was denied due process. *See Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003) (prison gang validation decisions need only be supported by "some evidence," and prison officials need

only provide the inmate with some notice of the charges against him and an opportunity to present his views); Cal. Code Regs. tit. 15, § 3378(c)(6)(C) (providing for the use of a "Confidential Information Disclosure Form" for disclosure to the inmate of information used in the validation or inactive status review).

Dismissal of Pina's Eighth Amendment claim regarding conditions in the SHU was proper because "administrative segregation . . . is within the terms of confinement ordinarily contemplated by a sentence." *Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995) (conditions associated with administrative segregation, such as confinement in a cell for most of the day, did not violate the Eighth Amendment).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Pina's remaining contentions are unpersuasive.

We grant Pina's pending motion to file a substitute Reply Brief, and we instruct the clerk to file the Reply Brief received on September 29, 2011.

**AFFIRMED.**