FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 12 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TRAVIS RAY THOMPSON, | No. 11-16546 |
| Plaintiff - Appellant, | D.C. No. 1:07-cv-00572-OWW-SMS |
| v. | |
| ALVAREZ; et. al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, District Judge, Presiding

Submitted June 26, 2012[**]

Before:     SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

California state prisoner Travis Ray Thompson appeals pro se from the

district court's judgment dismissing his action alleging civil rights violations under

42 U.S.C. § 1983.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

novo the district court's dismissal for failure to state a claim under 28 U.S.C. § 1915A, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and for failure to exhaust, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003), and review for abuse of discretion the denial of a motion for appointment of counsel, *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). We affirm in part, reverse in part, and remand.

The district court properly dismissed Thompson's excessive force claims against defendants Alvarez and Redenius because Thompson failed to exhaust administrative remedies with respect to these claims. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules); *Sapp v. Kimbrell*, 623 F.3d 813, 823-24 (9th Cir. 2010) (to fall within the futility exception to the administrative exhaustion requirement the inmate must, inter alia, "establish that he actually filed a grievance or grievances").

For the reasons stated in the district court order entered October 5, 2009, we affirm the dismissal of the remaining claims alleged in Thompson's third amended complaint, save for the claims arising after Thompson filed his initial complaint on April 13, 2007.

11-16546

Relying on this court's decision in *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam), the district court categorically dismissed Thompson's claims arising from events that occurred after April 13, 2007, as these claims were not fully exhausted at the time Thompson filed his initial complaint. Subsequent to the court's screening order in this case, we clarified that the Prison Litigation Reform Act's exhaustion requirement is satisfied so long as the plaintiff has exhausted his administrative remedies with respect to the new claims asserted in his amended complaint before he tendered that complaint to the court for filing. *Rhodes v. Robinson*, 621 F.3d 1002, 1007 (9th Cir. 2010). We therefore reverse the portion of the court's order dismissing the claims that arose after the filing of the initial complaint, and remand to the district court for further proceedings.

The district court did not abuse its discretion in denying Thompson's multiple requests for appointment of counsel because Thompson failed to demonstrate exceptional circumstances. *See Palmer*, 560 F.3d at 970.

To the extent Thompson's "notice of lodgment of exhibits" received on June 1, 2012, is a request for judicial notice of documents not contained in the record, the request is denied.

Thompson's remaining contentions, including his contention that this court erred in dismissing his interlocutory appeal, are unpersuasive.

The parties shall bear their own costs on appeal.

**AFFIRMED in part; REVERSED in part; REMANDED.**