NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MELVIN RAY BRUMMETT, Jr., | No. 12-15235 |
| Plaintiff - Appellant, | D.C. No. 1:06-cv-01255-LJO-DLB |
| v. | |
| ROBERT SILLEN; et al., | MEMORANDUM[*] |
| Defendants, | |
| and | |
| S. KAUR; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted January 15, 2013[**]

Before:    SILVERMAN, BEA, and NGUYEN, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

California state prisoner Melvin Ray Brummett, Jr., appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003) (dismissal for failure to exhaust); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm.

The district court properly dismissed Brummett's claims against defendants McGuinness and Doe 2 because Brummett failed adequately to allege that those defendants intentionally delayed his access to pain medication or consciously disregarded the risk posed by such a delay. *See Toguchi v. Chung*, 391 F.3d 1051, 1057, 1060 (9th Cir. 2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to an inmate's health and safety, and a showing of medical malpractice or negligence is insufficient to establish an Eighth Amendment violation); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." (citations omitted)).

The district court properly dismissed without prejudice Brummett's claim against defendant Kaur because Brummett failed to exhaust administrative remedies with respect to that claim before filing his third amended complaint. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam) (requiring dismissal without prejudice where a prisoner "did not exhaust his administrative remedies prior to filing suit but is in the process of doing so when a motion to dismiss is filed"); *cf. Rhodes v. Robinson*, 621 F.3d 1002, 1006-07 (9th Cir. 2010) (holding that exhaustion requirement is satisfied so long as prisoner exhausted his administrative remedies with respect to new claims asserted in an amended complaint before filing that complaint).

**AFFIRMED.**