GLD-316                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1935
_____

EDWARD LEON BOONE,
                                                                    Appellant

v.

MR. NOSE, Captain; MR. MACKY, Hearing Examiner;
PENNSYLVANIA BOARD OF PAROLE

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2:12-cv-01370)
Magistrate Judge:  Honorable Cynthia Reed Eddy

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 3, 2013
Before:  FUENTES, FISHER and VANASKIE, Circuit Judges

(Opinion filed:  July 11, 2013)
_____

OPINION
_____

PER CURIAM

      Edward Leon Boone, a pro se Pennsylvania prisoner, appeals the dismissal of his

42 U.S.C. § 1983 civil rights suit.  We will affirm.

      Proceeding in forma pauperis, Boone filed suit in September 2012, naming as

defendants Captain Sean Nose, Hearing Examiner Macky, Pennsylvania Board of Probation and Parole secretary Kimberly Barkley, Emily Sanso, John K. McMurray, and the Board itself. Later, Boone had Barkley, Sanso, and McMurray stricken as defendants, and then amended and supplemented his complaint to expand upon his original allegations and to add newer developments and additional defendants (albeit by implication).[1] Boone sought significant compensatory and punitive damages.

Boone's allegations are based on two distinct-yet-interlocking sequences of events. After being granted parole, but before he was actually released on parole, Boone was accused of writing a threatening letter to Marie Denny, and he received an associated misconduct citation from Captain Nose. Boone insisted he was innocent and claimed that another inmate had framed him. In his complaint, Boone describes a protracted review process beginning in June 2012, which included at least three hearings and involved some cross examination of Nose, although Boone allegedly was prevented from calling certain witnesses or retaining handwriting experts. The misconduct was initially sustained; as a result, Boone was confined to the Restricted Housing Unit (RHU). He claimed that his time there "contributed" to his physical and mental deterioration and imposed upon him

---

[1] The later complaint may be considered a "supplement" as well as an "amendment" because it included allegations about conduct taking place after the original complaint was filed. See Fed. R. Civ. P. 15(d); Owens-Ill., Inc. v. Lake Shore Land Co., 610 F.2d 1185, 1188 (3d Cir. 1979). Under the Prison Litigation Reform Act, prisoners may file supplemental complaints if the claims in question 1) have truly accrued since the beginning of the suit and 2) are exhausted per 42 U.S.C. § 1997e(a) before the supplement is filed. See Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010).

restrictions (such as on religious expression and mail privileges) that violated his constitutional rights. Moreover, as a result of the sustained misconduct, he lost his favorable grant of parole.

However, after several rounds of appellate review, the initial misconduct was exonerated in September 2012. Despite this, Boone has still not been released on parole, although he has made the Board aware of the outcome. He believed that the Board refused to reinstate his parole because it is retaliating against him for filing suit.

The District Court dismissed the complaint, concluding that Boone had failed to state claims upon which relief could be granted. See generally Boone v. Nose, No. 2:12-1370, 2013 WL 819730 (W.D. Pa. Mar. 5, 2013). The Court also denied his two post-judgment motions.

Boone timely appeals.[2] He has filed a motion to expand the record and a motion for appointment of counsel.

We agree with most of the District Court's opinion, and will affirm for substantially the same reasons recited therein. Boone's claims relating to the misconduct citation, and the hearings that followed in its wake, are undermined by his failure to show that his brief confinement in the RHU imposed atypical and significant hardship on him

---

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We accept all well-pleaded allegations as true and draw all reasonable inferences in Boone's favor. Capogrosso v. Sup. Ct. of N.J., 588 F.3d 180, 184 (3d Cir. 2009) (per curiam) (citation omitted). Pro se filings are to be construed liberally. Weaver v. Wilcox, 650 F.2d 22, 26 (3d Cir. 1981).

3

such that his right to due process was implicated. See Sandin v. Conner, 515 U.S. 472, 484 (1995). To the extent that a loss of parole resulted from the incident, a "protected liberty interest may arise from only one of two sources: the Due Process Clause or the laws of a state." Asquith v. Dep't of Corr., 186 F.3d 407, 409 (3d Cir. 1999). The United States Constitution does not itself establish a liberty interest in parole. Newman v. Beard, 617 F.3d 775, 783 (3d Cir. 2010). While Boone had been granted parole, he had not yet been released at the time of the hearings. And in Pennsylvania, "a prisoner does not have a protected liberty interest, or due process rights, in parole until the inmate is actually released on parole." Nieves v. Pa. Bd. of Prob. & Parole, 995 A.2d 412, 418 (Pa. Commw. Ct. 2010), aff'd, 613 Pa. 366 (Pa. 2011) (per curiam).

Boone's First Amendment access-to-the-courts and religion claims were not well pleaded. See Belmont v. MB Inv. Partners, Inc., 708 F.3d 470, 483 n.17 (3d Cir. 2013) (citations omitted). He merely recited the relevant causes of action, and did not specify, for example, how he was prevented from litigating a potentially meritorious claim. See Christopher v. Harbury, 536 U.S. 403, 415 (2002). The Eighth Amendment claim fared similarly.

We depart from the District Court's analysis somewhat with regard to Boone's First Amendment retaliation claim. We agree with the Court's recitation of the appropriate standard, see Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003); Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001), but note that the dismissal stage generally does not allow for the "burden-shifting" element of the test; and, because the plaintiff merely

4

needs to sufficiently plead a retaliation claim, he is not required to "prove" anything to survive a motion to dismiss or sua sponte screening. Although the District Court's reasoning is likely still supportable, we will instead affirm on the basis that Boone failed to show how the cognizable-under-section 1983 defendants (both those named in the caption and those discussed in the text of his complaints) were personally involved in any retaliation against him. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Boone's "failure to supervise" claim is conclusory and not well pleaded.

Finally, we agree with the District Court that further leave to amend would be futile. Boone's subsequent submissions and declarations have not suggested that he would be able to cure the defects identified above, and he already amended once after the defendants filed their first motion to dismiss. The Court did not abuse its discretion in disallowing further amendment. See Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000).[3] Nor did it abuse its discretion by denying Boone's post-judgment motions. See Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 272 (3d Cir. 2001); Lorenzo v. Griffith, 12 F.3d 23, 26 (3d Cir. 1993).

Finding no substantial question presented by this appeal, we will affirm the District Court's judgment. See Murray v. Bledsoe, 650 F.3d 246, 248 (3d Cir. 2011) (per

---

[3] As demonstrated by his submissions on appeal, Boone's claims continue to evolve, in some cases attacking conduct that post-dated both his original and amended/supplemented complaints. Although the District Court could have permitted further amendment, it was not required to do so. Nor can we fault the Court for ruling on what was properly in front of it at the dismissal stage. See Smith-Bey v. Hosp. Adm'r, 841 F.2d 751, 758 (7th Cir. 1988) (discussing limits to liberal construction).

curiam); <u>see also</u> 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.  Boone's pending motions are denied.