SILVERMAN, Circuit Judge,
dissenting as to Part 11(D):
Akhtar v. Mesa, 698 F.3d 1202 (9th Cir. 2012) held that a prisoner may not file first, then exhaust later. Quoting McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir.2002), the Akhtar court reiterated that “a prisoner does not comply with [the exhaustion] requirement by exhausting available remedies during the course of the litigation.” Id. at 1210.
*1222 Yet that is exactly what Cano did here. He filed an amended complaint asserting claims that existed before the original complaint was filed, but were not administratively exhausted until after that complaint was filed. In other words, he did precisely what Akhtar and McKinney say he is not permitted to do — exhaust during the course of the litigation. This is not a situation as in Rhodes v. Robinson, 621 F.3d 1002 (9th Cir.2010) where a plaintiff sought to amend his complaint to raise new claims that did not arise until after the original complaint was filed. In that circumstance, “[i]f ... a plaintiff files an amended complaint adding new claims based on conduct that occurred after the filing of the initial complaint, the plaintiff need only show that the new claims were exhausted before tendering the amended complaint to the clerk.” Akhtar at 1210 (emphasis added).
The purpose behind the requirement of exhaustion of administrative remedies would be completely undermined if a plaintiff can sue first, then exhaust on the fly. But even if one thinks that Akhtar and McKinney were wrongly decided, we are duty bound to follow them, just as the district court correctly did. See United States v. Orm Hieng, 679 F.3d 1131, 1139 (9th Cir.2012) (“As a three judge panel, we are bound by circuit precedent unless the United States Supreme Court or an en banc court of our circuit has undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable.”) (internal quotations omitted).
I would affirm the district court in all respects.