**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EMELITO EXMUNDO,

          Plaintiff - Appellant,

   v.

R. KANE, LVN; A. ROSS, LVN,

          Defendants - Appellees.

No. 12-16494

D.C. No. 1:08-cv-00822-DLB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Dennis L. Beck, Magistrate Judge, Presiding[**]

Submitted January 21, 2014[***]

Before:    CANBY, SILVERMAN, and PAEZ, Circuit Judges.

   California state prisoner Emelito Exmundo appeals pro se from the district

court's judgment in his 42 U.S.C. § 1983 action alleging that defendants retaliated

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

    [***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

against him for filing grievances and were deliberately indifferent to his serious

medical needs in connection with the temporary denial of his medication. We

review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (summary

judgment); *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003) (failure to

exhaust administrative remedies); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.

2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193,

1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We

affirm.

The district court properly granted summary judgment on Exmundo's

retaliation claims against Ross and Kane because Exmundo failed to raise a

genuine dispute of material fact as to whether these defendants took any adverse

action because Exmundo filed grievances. *See Brodheim v. Cry*, 584 F.3d 1262,

1271 (9th Cir. 2009) (to establish a retaliation claim, the plaintiff must show that

his protected conduct was a "substantial" or "motivating" factor behind the

defendant's conduct); *Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995)

(explaining that "sheer speculation" of awareness of protected conduct is

insufficient to support a finding of retaliatory motive).

The district court properly granted summary judgment on Exmundo's

deliberate indifference claims because Exmundo failed to raise a triable dispute as

to whether defendants knew of or disregarded an excessive risk of serious harm in connection with the temporary denial of Exmundo's pain medication. *See Toguchi*, 391 F.3d at 1057 (a prison official acts with deliberate indifference only if he knows of and disregards an excessive risk to inmate health).

The district court properly dismissed Exmundo's claim against defendant Ross regarding a January 2008 denial of medication because Exmundo failed to exhaust his administrative remedies against Ross prior to filing suit or demonstrate that administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules); *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) ("[A] prisoner must exhaust his administrative remedies for the claims contained within his complaint before that complaint is tendered to the district court.").

The district court properly dismissed Exmundo's claims against defendant Vilaysane because his allegations were unclear as to the timing and nature of Vilaysane's actions. *See* Fed. R. Civ. P. 8(a) (a complaint must contain a "short and plain statement" of the grounds for the court's jurisdiction and the claims for relief); *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (a complaint

must make clear "who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

Exmundo's contention that the district court should have remanded a claim for negligence to state court is unpersuasive.

**AFFIRMED.**