**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EARNEST CASSELL WOODS, II,

Plaintiff - Appellant,

v.

TOM L. CAREY; et al.,

Defendants - Appellees.

No. 13-15248

D.C. No. 2:06-cv-01857-GEB-EFB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted May 13, 2014[**]

Before:    CLIFTON, BEA, and WATFORD, Circuit Judges.

California state prisoner Earnest Cassell Woods, II, appeals pro se from the

district court's judgment dismissing for failure to exhaust his 42 U.S.C. § 1983

action alleging retaliation and other claims.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo, *Sapp v. Kimbrell*, 623 F.3d 813, 821 (9th Cir. 2010),

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and we affirm.

The district court properly concluded that Woods failed to exhaust his administrative remedies because Woods failed to alert prison officials to the nature of the wrong underlying his retaliation claims, exhaust his grievances to the final level of review before filing his complaint, or establish that he should be excused from the exhaustion requirement. *See Rhodes v. Robinson*, 621 F.3d 1002, 1005-07 (9th Cir. 2010) (plaintiff must exhaust before filing the complaint, not during course of litigation); *Nunez v. Duncan*, 591 F.3d 1217, 1224, 1226 (9th Cir. 2010) (where defendant establishes failure to exhaust, burden shifts to plaintiff to prove that administrative remedies were unavailable to him); *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (grievance must include facts underlying inmate's claim as to alert the prison to the nature of the wrong for which redress is sought).

The district court did not abuse its discretion by denying Woods's motion for recusal because Woods failed to establish that the magistrate judge was biased, prejudiced, or his impartiality could reasonably be questioned under 28 U.S.C. §§ 144 or 455. *See Jorgensen v. Cassiday*, 320 F.3d 906, 911 (9th Cir. 2003) (setting forth standard of review); *United States v. Sibla*, 624 F.2d 864, 867-69 (9th Cir. 1980) (setting forth requirements to establish bias or prejudice towards a party for disqualification under §§ 144 or 455).

Contrary to Woods's contention, the district court properly followed our mandate from a prior appeal, in which we vacated the dismissal of Woods's second amended complaint to allow the district court to determine which of Woods's claims was stated with sufficient specificity and detail to proceed. *See United States v. Kellington*, 217 F.3d 1084, 1092 (9th Cir. 2000) (setting forth standard of review). On remand, the district court properly re-screened Woods's second amended complaint and identified the claims that were sufficiently pled.

Woods's renewed request for appointment of counsel, set forth in his opening brief, is denied. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

We treat Woods's "objections to defendants' answering brief," filed on August 5, 2013, as a motion to strike portions of the answering brief, and deny the motion. Woods's motion for judicial notice of a partial, unauthenticated transcript from public comments during a 2002 session of the California Board of Parole Hearings is denied. *See* Fed. R. Evid. 201.

**AFFIRMED.**